## Ex Parte S. Levine.

### No. 2719.   Decided June 15, 1904.

**1.—City Charter and Ordinances—Constitutional Law.**

The Legislature has no power to authorize the Governor to appoint purely municipal officers of cities. Following Ex parte Lewis, 7 Texas Ct. Rep., 974; 45 Texas Crim. Rep., 1.

**2.—State or Municipal Officers.**

Query: Whether commissioners appointed by the Governor, under special charter of a city are purely municipal officers or quasi State Officers, not decided.

**3.—Municipal Government Irrespective of Commission.**

The commission feature of the charter of the City of Corsicana can be eliminated, and the city still have a complete municipal government in all its departments; the same being provided for in the charter irrespective of the commission.

#### 4.—Law Partly Constitutional Will Be Sustained.

When the unconstitutional portion of a law is stricken out, and that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained.

#### 5.—Municipal Court.

While the effort in the charter to constitute a corporation court a State court was futile, still where a case is exclusively cognizable by a municipal court as such, it had jurisdiction to try and punish relator upon conviction of a municipal offense provided for by city ordinance.

#### 6.—Saloon Limits—Local Option.

It was competent for the Legislature to prescribe in the charter a saloon limit in a city as an act of regulation not affected by the provisions of the Constitution in regard to local option, and the reasonableness of the limit so prescribed in the charter can not be questioned.

#### 7.—Valid Judgment—City Court—Habeas Corpus.

Where the City of Corsicana had a special charter granted to it by the Twenty-eighth Legislature, superseding the general law and defining the saloon limits of said city and prohibiting the sale of intoxicating liquors in said city outside of said saloon limits, and an ordinance in pursuance thereof was passed by said city, and a person violated such ordinance, and was tried and punished by a court of such city, he will not be discharged on writ of habeas corpus, although he be committed to the chief of police, who is an appointee of a commission which is appointed by the Governor and unconstitutional, as the relator is held under a valid judgment. Davidson, P. J., dissenting.

From Navarro County.

Original application for habeas corpus for release from commitment for violation of a city ordinance to the chief of police of the city of Corsicana in default of the payment of a fine of $25 and costs.

The opinion states the case.

*Ballew & Wheeler*, for relator.—The present Constitution of Texas was framed for the purpose of having recognized and established the general, great and essential principles of liberty and free government; the last of which embraced the right of local self-government unimpaired, which was esteemed such a part of free government that without which our free institutions could not be maintained. To prevent the transgression of the high powers that were to be delegated to the legislative department of the governmental agency, to be established and created by the adoption of the Constitution, the right of local self-government unimpaired was reserved as an inherent right of the people. It was forever reserved out of the general powers of government delegated. It was to be forever inviolate, and all laws contrary thereto shall be declared to be void. Const. of Texas, art. 1, secs. 1, 29. This declaration must come from the judicial department of the governmental agency, whose duty it is to uphold the Constitution in letter and spirit, and not to uphold the acts of the Legislature, which transcend the high powers delegated, which are contrary to the principles of natural justice, the spirit of the Constitution, and the great first principles of the social compact. Calder v. Bull, 1 L. ed. U. S., 648; Ex parte Ginnochio, 30 Texas Crim. App., 584; Hunt v. State, 7 Texas Crim. App., 212; Hunt v. State, 22 Texas Crim. App., 396; Powell v. State, 17

Texas Crim. App., 345; Cline v. State, 36 Texas Crim. Rep., 320; Ex parte Lewis, 73 S. W. Rep., 811, 45 Texas Crim. Rep., 1.

The right of local self-government unimpaired being reserved from the high powers of government delegated, the Legislature can not by any act it may pass (in the unlimited exercise of the assumption of powers it has never possessed, but has often transcended), impair this constitutionally recognized and reserved sovereign power of the people.

*Howard Martin,* Assistant Attorney-General, for the State *(John R. Mays, Callicut & Call* and *McLellan & Prince* also filed a brief for respondent).—The power to grant a special charter to a city with exceeding ten thousand inhabitants is lodged in the Legislature by the Constitution of the State, and it is a rightful exercise of such power for the Legislature to grant a special charter providing therein for a city council composed of the mayor and eight aldermen, all of whom are elected, and in whom is vested the legislative power of said city, and providing further therein for the appointment by the Governor of the State of three citizens of said city who shall compose the board of commissioners of said city whose duties are subordinate to the powers of the city council.

Beyond the two cases cited we submit it is not necessary to go to establish the legal principles which uphold the constitutionality of the charter of the city of Corsicana. The objections that were urged to the Galveston charter can not be urged to the Corsicana charter. The essential and fundamental difference between the two charters is that under the Galveston charter the board of commissioners superseded the city council, with all its powers, and a majority of such board was appointed by the Governor, while in the Corsicana charter the city council, with all its usual and necessary powers, is preserved and the members thereof are elective, and the board of commissioners of Corsicana in no way invades the province of the city council. The question that arose under the Galveston charter could not arise under the Corsicana charter, for the reason that under the Corsicana charter the board of commissioners can not pass any law, while Lewis was convicted under a law passed by the board of commissioners under the Galveston charter. The point is manifest in the case at bar, because it appears that Levine was convicted under an ordinance passed by the city council of Corsicana with which the board of commissioners of that city had nothing to do, and with which, under the charter provisions, it could have nothing to do. Lewis v. State, 7 Texas Ct. Rep., 974, 45 Texas Crim. Rep., 1; Brown v. City of Galveston, 7 Texas Ct. Rep., 758.

The commissioners of Corsicana are not purely municipal officers, but are quasi State officers and there is no constitutional inhibition against their appointment.

The purely municipal officers of Corsicana, to wit, the mayor and eight aldermen, are elective. The commissioners have no legislative

power. They can pass no law. They can levy no taxes. The enactment of all laws is vested in the city council. The board of commissioners is charged with the supervision of the enforcement of all the laws applicable to the promotion of health and the maintenance of good order in Corsicana. Such laws are State as well as municipal, and the board is therfore charged with the supervision of the enforcement of State laws as well as local municipal laws, and the commissioners are quasi State officers and subject to State appointment. They are health officers, quarantine officers and peace officers, if officers at all. Ex parte Lewis, 7 Texas Ct. Rep., 977-988, 45 Texas Crim. Rep., 1; Penal Code, art. 43; Special Charter, sec. 48; Whitfield v. City of Paris, 19 S. W. Rep., 566; Shaenewerk v. Fort Worth, 32 S. W. Rep., 918; Newport v. Horton, 22 R. I., 196.

In granting a special charter to a city the Legislature has power to provide therein, as police regulation, the territorial limits within said city wherein saloons may be conducted, and intoxicating liquors may be sold at retail. Ex parte Sundstrom, 25 Texas Crim. App., 133; Ex parte Lynn, 19 Texas Crim. App., 293, and authorities cited; Bell v. State, 28 Texas Criminal App., 97; Giozza v. Tierman, 148 U. S., 657; Smith v. State, 18 Texas Crim. App., 454; Tragessen v. Gray, 9 L. R. A., 780; Penal Code, art. 185; 11 Am. and Eng. Enc. of Law, 588, 596, 607, 614; 13 Am. and Eng. Enc. of Law, 748, Notes 2, 3; Black on Intox. Liq., pars. 24, 33, 154-227; Tiedman Limitation on Police Powers, 309, 310; Newsom v. Galveston, 76 Texas, 559; City of Jacksonville v. Ledwith, 23 Am. St. Rep., 558, and note; Logan v. State, 5 Texas Crim. App., 306; 1 McClain on Crim. Law, sec. 29; Metropolitan Board of Excise v. Barrie, 34 N. Y., 657; L'Hote v. New Orleans, 177 U. S., 587; Smith v. St. L. S. W. Ry. Co., 181 U. S., 248; Fahey v. State, 27 Texas Crim. App., 146; 1 Dillon Mun. Corp., sec. 363, and note; Insurance Co. v. Wilson, 32 Minn., 145; 2 Black Pub. Corp., sec, 1265, and note; People v. Creiger (Ill.), 28 N. E. Rep., 812; Ayers v. City of Dallas, 32 Texas Crim. Rep., 603; Ex parte Patterson, 58 S. W. Rep., 1011.

The local option provision of the Constitution does not deprive the Legislature of the police power to regulate saloons and the sale of liquor at retail. The plice power represents the sovereignty of the State vested in the Legislature, which it can never yield even though it delegate it to others. Bell v. State, 28 Texas Crim. App., 96; Bell v. State, 24 Texas Crim. App., 428; Ex parte Brown, 38 Texas Crim. Rep., 295; Giozza v. Tierman, 118 U. S., 657; Newsom v. Galveston, 76 Texas, 559; Black on Intox. Liq., 828.

The establishment of the "saloon limits" of Corsicana being by act of the Legislature, and not by ordinance of the city council, the court will not inquire into its reasonableness, as that was a matter exclusively for the discretion of the Legislature.

In granting to Corsicana a special charter the metes and bounds of

the saloon limits was set out therein. (Sec. 193.) The ordinance of the city of Corsicana follows the charter. Chemine v. Baker, 8 Texas Ct. Rep., 10; Dillon on Mun. Corp., sec. 328; Coal Float v. City, 13 N. E. Rep., 115; State v. Mott, (N. J.) 38 Atl. Rep., 857; Ex parte Brown, 38 Texas Crim. Rep., 295; Giozza v. Tierman, 148 U. S., 657; Ex parte Lewis, 7 Texas Ct. Rep., 974, 45 Texas Crim. Rep., 1; Brown v. City of Galveston, 7 Texas Ct. Rep., 758.

The corporation court of the city of Corsicana had jurisdiction to try the case at bar.

Under the charter provisions the ordinance of the city of Corsicana created two offenses against the municipality. 1. Conducting a saloon in Corsicana outside of the "saloon limits." 2. Selling intoxicating liquor at retail in Corsicana outside of the "saloon limits." Both offenses are distinctively municipal offenses. By section 91 of the special charter the ordinance adopting the corporation court was validated and brought forward. Ex parte Hart, 41 Texas Crim. Rep., 581; Ex parte Wilbarger, 41 Texas Crim. Rep., 514; City Charter of Corsicana, sec. 91. See agreed statement of facts, showing old corporation adopted corporation court act, and section 91 of charter brings that ordinance forward.

The city of Corsicana in her charter and by ordinance adopted the corporation court created by an act of the Twenty-sixth Legislature. The jurisdiction conferred by that act on corporation courts gives the power to the corporation court of Corsicana to try the case at bar.

One who establishes a saloon at a particular place, and pays the license necessary therefor, is chargeable with knowledge at the time that under a police regulation at any future time he may be forbidden to keep his saloon in that place. The withdrawal of the privilege does not in contemplation of law divest the citizen of a right or deprive him of his property, and the law withholding the privilege is not in restraint of trade. Newsom v. Galveston, 76 Texas, 559; 2 McClain Crim. Law, sec. 1209; Black on Intox. Liq., sec. 28; Gibson v. State, 34 Texas Crim. Rep., 218; Ex parte Lynn, 19 Texas Crim. App., 293.

The saloon ordinance is valid. The corporation court is valid. The city marshal of the city of Corsicana is a de jure or de facto officer. Relator was convicted by said court under said ordinance and committed to custody of said officers. Weatherford v. State, 31 Texas Crim. Rep., 530; 5 Am. and Eng. Enc. of Law, p. 96, sec. 2; Deaver v. State, 66 S. W. Rep., 256; State v. Hoff, 88 Texas, 297; 19 Am. and Eng. Enc. of Law, p. 394, sec. 12; McKinney v. O'Connor, 26 Texas, 5.

If there be any legislative functions attaching to the commissioners of Corsicana, it is by reason of certain sections in said charter separate and apart and complete in their substance. If these are illegal they may be so held without affecting the remainder of the act. W. U. Tel. Co. v. State, 62 Texas, 630.

HENDERSON, JUDGE.—This in an original application for the writ

of habeas corpus. The relator shows (and we understand it to be conceded), that he is held on account of a conviction in the corporation or city court of Corsicana for the alleged sale of intoxicating liquors in said city, outside of the saloon limits thereof, and his fine assessed at the sum of $25. The city of Corsicana had a special charter granted to it by the Twenty-eighth Legislature, which superseded the former charter under the general law. Sections 191, 192, and 193 of the charter define the saloon limits of the city of Corsicana, and prohibit the sale of intoxicating liquors in said city outside of said saloon limits, and the ordinance was passed by said city in pursuance of said provisions. . It is also conceded that the relator, after the passage of said ordinance, carried on his saloon business outside of said saloon limits, and made sales of intoxicating liquor. Said charter, among other things, provides for a commission appointive by the Governor, consisting of three freeholders of the city, residents therein at least five years preceding their appointment, having the same qualifications of aldermen. This board of commissioners are given certain jurisdiction of the police, fire, street and health departments of the city. (See secs. 271 to 295 of the charter.) The Governor appointed said commissioners in pursuance of the authority vested in him by the charter, to wit: S. A. Pace, C. H. Allyn and J. H. Woods. These, together with E. O. Call, mayor, under the charter, constitute the board of commissioners of said city of Corsicana. John Stewart was appointed by the commissioner of the police department, the chief of police or city marshal. There is also a provision in the city charter creating a city court, called a "corporation court." Secs. 49 to 66 inclusive. Relator was tried in said corporation court for violating said saloon ordinance, and was fined the sum of $25 as above stated, and was committed to the custody of said Stewart, chief of police. The proceedings are regular. He comes before us and seeks his discharge because, as he claims (1) the commission feature in said city charter renders the whole charter absolutely null and void. (2) Because the corporation court is not created according to law, and is not the corporation court provided by the act of the Twenty-sixth Legislature, page 40. (3) Because our State Constitution provides for local option, and it is not competent for the Legislature, outside of the provisions of said Constitution, to prohibit the sale of intoxicating liquors in any part of the territory of the State. On the other hand, the respondent insists (1) that the commission feature does not render the entire charter void; that this feature may be eliminated from the charter and still there would be a complete municipal government; and that this feature of the charter nowhere comes in contact with relator's rights in his conviction and restraint. (2) It is a reasonable regulation (outside of local option territory) for the Legislature to prescribe in cities and towns saloon limits, and that the reasonability of such limits being an act of the Legislature, can not be questioned.

In Ex parte Lewis, 7 Texas Ct. Rep., 974, 45 Texas Crim. Rep., 1, the question of the power of the Legislature to authorize the Governor to appoint purely municipal officers of cities was discussed; and it was there held that, under our Constitution, the Governor did not have such authority. In Brown v. City of Galveston, 7 Texas Ct. Rep., 758, the Supreme Court of this State had before it the same question, and took a contrary view. Notwithstanding the able discussion of this question by that learned tribunal, I fail to see any cogent reason for a change of the views expressed by a majority of this court in the Lewis case, supra. However, it is here contended that there is a distinction between the commissioners appointed in this charter and purely municipal officers, such as the mayor and aldermen of a city; that these commissioners are quasi State officers, and as such are appointive. I do not deem it necessary to decide this question, inasmuch as in my opinion the commission feature of the charter of Corsicana can be rejected or eliminated and still leave a going concern, vested with all the powers and authority of a municipal government. The rule on this subject being, that if a part of an act is unconstitutional, and this can be rejected, and leave the remander complete in itself, it is the duty of the courts to uphold that portion of the act which is constitutional. Cooley on Const. Lim., 6 ed., p. 210, 211; Warren v. Mayor of Charleston, 2 Gray (Mass.), 84; Rathbone v. Wirth, 150 N. Y., 459, 34 L. R. A., 408. We quote from Mr. Cooley, as follows: "Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning, that it can not be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." And we quote from Warren v. Mayor of Charleston, supra, as follows: "If the provisions are so mutually connected with and dependent on each other as conditions, considerations and compensations for each other as to warrant the belief that the Legislature intended them as a whole, and that if all could not be carried into effect, the Legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected, must fall with them."

Now, applying this rule of construction, which we understand to be

the conceded rule on the subject, can we eliminate the commission feature of the charter of the city of Corsicana, and still nave a complete municipal government in all its departments. An examination of the charter will leave no doubt upon this question. The commission feature itself is in a separate and distinct portion of the charter. See Charter, secs. 271 to 295 inclusive. Their duties are defined and are limited to their respective departments, and as to these matters, even in the appointment of the officers, which they are authorized to appoint, it is provided that, if there should be no such board as the board of commissioners, the city council shall appoint these officers. Secs. 40 to 42 inclusive. As to the matters over which they have jurisdiction, it is further provided if the commission from any cause is unable or unwilling to act, the city council can act regardless of the provisions relating to a board of commissioners. See Charter, secs. 27, 34. And it is provided in section 292, that in the event for any reason there should be no commissioners or a quorum thereof appointed and qualified, able and willing to act, then during such period tne provisions of this charter concerning the board of commissioners shall be suspended, and the powers hereinbefore granted to the city council and board of school trustees shall be construed without reference to the provisions concerning the board of commissioners. These provisions would clearly imply that the Legislature in passing the charter provided for such a contingency wherein the commissioners from any cause should be unable to act. In addition to that, a perusal of the provisions of the charter, shows that it provides for all the departments of a municipal government, irrespective of a commission; and in addition thereto, engrafted the articles under a separate head which related to an appointive commission. I do not believe there is any difficulty in holding that the charter provisions regarding an appointive commission can be eliminated and leave a going concern, equipped in all its departments, and that under such circumstances the plain duty is, if it be conceded that the charter provisions relating to an appointive commission are unconstitutional, to reject the same and uphold the remaining provisions of the charter. Especially so in regard to this relator, inasmuch as the charter provisions and the ordinances under which he was adjudged guilty nowhere come in contact with the board of commissioners. They could neither have authorized the passing of said ordinance, nor could they have prevented it. The charter gave the commission no power whatever concerning said saloon ordinance.

In regard to the corporation court in which relator was convicted, while I regard the effort in the charter to constitute that a State court as futile, and without effect (Ex parte Fagg, 38 Texas Crim. Rep., 573; Ex parte Sibley, 65 S. W. Rep., 372; Ex parte Wilbarger, 41 Texas Crim. Rep., 514), still this was a case exclusively cognizable by a municipal court as such, and it had jurisdiction to try and punish

relator upon conviction of a municipal offense provided for by city ordinance. Blessing v. Galveston, 42 Texas, 641.

I further believe that the city of Corsicana, not having adopted local option, it was competent for the Legislature to prescribe in the charter a saloon limit in said city. Under the authorities I believe this to be an act of regulation not affected by the provisions of our Constitution in regard to local option. See Dorman v. State, 34 Ala., 216; and see Black on Intoxicating Liquors, sec. 40; Freund on Police Power, sec. 33.

I also believe that the saloon limits being prescribed in the charter, its reasonableness can not be questioned.

It may be said that Stewart, chief of police, to whose custody relator was committed, having been appointed by the board of commissioners of said city, is not authorized to hold relator. Be this as it may, in my view he is held by virtue of the judgment of the court which imposed a fine on him. The council has recognized Stewart as city marshal, and he may be regarded as a de facto officer. People v. Lathrop, 24 Mich., 235; Brown v. State, 60 S. W. Rep., 548. At any rate, the relator should be held under the judgment of said court until the fine and costs are paid; and he is accordingly remanded to custody.

*Relator remanded to custody.*

BROOKS, JUDGE.—I think the charter is entirely constitutional and may write my views; and hence barely concur in the conclusion here reached.

DAVIDSON, PRESIDING JUDGE.—I am of opinion the applicant ought to be discharged. For my views on questions involved so far as discussed, see Ex parte Anderson, just decided. I express here no opinion as to the validity of the charter as to its entirety.

[Motion for rehearing overruled without written opinion.—Reporter.]