## J. B. LeGois v. The State.

#### No. 4283.   Decided November 15, 1916.

**1.—City Charter and Ordinance—Selling Intoxicating Liquors.**

Where appellant was convicted of selling intoxicating liquors in territory in the corporate limits of the city of Wichita Falls, outside the territory in which saloons were authorized to be licensed by the charter of said city, it was no defense that defendant was a wholesale liquor dealer under license in the prescribed territory and sold beer by the gallon, not permitting it to be drunk on the premises where sold, upon advise of leading counsel. Davidson, Judge, expressing no opinion.

**2.—Same—Indictment—Constitutional Law.**

Where defendant was convicted of selling intoxicating liquors in the corporate limits of the city, outside the territory in which saloons were authorized to be licensed by the charter of said city, a motion to quash the indictment on the ground that this section of the charter is void because in conflict with the Federal and State Constitutions and the laws of the State, was properly overruled.

**3.—Same—Constitutional Law—Amending Charter—Selling—License.**

After the adoption of section 5, article 11, of the Constitution of Texas, the city of Wichita Falls amended its charter by providing, among other things, that no person shall be licensed to sell intoxicating liquors except within certain described boundaries in said city, in compliance with said Constitution, the contention that said section of the city charter only prohibited the issuance of license to sell and did not prohibit the sale of intoxicating liquor, is untenable, as it is necessary to first obtain such license to sell.

**4.—Same—Constitutional Law—City Charter—Enabling Act.**

Section 5, article 11 of the Constitution of Texas, by its terms confers the power of certain cities and towns to act without the specific grant of authority from the Legislature to amend its charter in compliance with said article of the Constitution, and such cities, since the adoption of said section 5, article 11, no longer have to look to the Legislature for a grant of power to act, and no limitation is placed on said cities to amend their charters in any given particular as long as the same is not inconsistent with the Constitution and the general laws of the State; besides, the Legislature passed an enabling act, although not necessary to do so, putting in force this provision of the Constitution.

**5.—Same—Liquors Drunk on Premises—Established Districts.**

The contention that the city charter grants authority only to established districts in which the sale of intoxicating liquors to be drunk on the premises may be prohibited, and does not grant authority to establish districts in which

the sale of intoxicating liquors may be prohibited when such liquors are *not to be drunk on the premises,* is untenable, and said charter gave explicit and implied authority to establish such districts.

**6.—Same—City Charter—Constitutional Law.**

The contention of appellant that this section of the charter of Wichita Falls is violative of section 20, of article 16 of the Constitution of Texas, providing for local option by vote of the people, is untenable. Following Cohen v. Rice, 101 S. W. Rep., 1052, and other cases.

**7.—Same—Sale of Intoxicating Liquors—Limiting Sale to Certain City Districts.**

By the act of the Legislature of 1913, it is provided that if any person shall sell any intoxicating liquor in any city or town, after such city or town shall in any manner have fixed the limits in said city or town in which intoxicating liquors may be lawfully sold, outside of such limits, he shall be guilty of a felony, etc., and where such sale is admitted by the defendant, and that he sold such liquors outside of said limits so fixed, the conviction is sustained and there is no reversible error. Davidson, Judge, not expressing an opinion.

Appeal from the District Court of Wichita. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of selling intoxicating liquors in territory in the corporate limits of the City of Wichita Falls, outside of the saloon district fixed by the charter of said city; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*W. T. Carlton,* for appellant.—It is our contention that section 23 of chapter 4 of the charter of Wichita Falls, Texas, is void, in so far as it attempts to regulate saloons and the sale of intoxicating liquors. The City of Wichita Falls, Texas, is wet territory; no local option law prevails there.

The general laws under which the city adopted its charter only gives the city authority to establish a district in which intoxicating liquors may be sold to be drunk on the premises, and to prohibit the sale of such liquors or the location of such saloons outside of such district, showing clearly the intention to limit the city to the regulation of saloons where liquors were sold to be drunk on the premises, and did not give such cities authority to regulate wholesale dealers. The Legislature could not give the city authority to prohibit the sale of intoxicating liquors, any attempt to do so would violate section 20, article 16, of the Constitution, but only regulates such sales, and when given the authority, such regulation must come under the police regulations. Can the court see any reason for regulating the wholesale dealer where the liquor is not drunk on the premises, but carried away by the buyer? A wholesale groceryman sells the goods which are carried away before consumed, so it is with the wholesale dealer, then why should one place need police regulation more than the other?

If it is contended that this ordinance has the effect of prohibiting the sale, then we say the same is in conflict with section 20, article 16,

of the Constitution, and also, with article 1096d of Vernon's Sayles' Civil Statutes.

It is also our contention not only that said charter does not prohibit the wholesale dealer in liquor from plying his vocation outside of the restricted district, but it is our contention also that the city did not intend nor attempt to regulate the wholesale liquor dealer. One evidence of this fact is substantiated by the city granting the defendant license to pursue the occupation of wholesale malt liquor dealer outside of the restricted district. It is a gross injustice to this defendant to be advised by a competent attorney, and granted license by the State, county and city to pursue the occupation of a wholesale malt liquor dealer, and thereafter be tried, convicted to the penitentiary for pursuing an occupation that he had every reason in the world to believe that he had a right to pursue, and with no intention on his part to violate any State law or city ordinance. Article 14, section 1, Constitution U. S.; section 20, article 16, Constitution of Texas; section 5, article 11, Constitution of Texas; Act 33rd Legislature, p. 33; Vernon's Sayles' Civil Statutes, article 1096d, p. 538.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating liquors in territory in the corporate limits of the City of Wichita Falls, outside the territory in which saloons were authorized to be licensed by the charter of said city.

The facts show that appellant was running a retail saloon outside the saloon limits fixed by the charter. That upon adoption of the charter he ceased to run a retail liquor house, but thereafter opened, on the advice of counsel (other than the one engaged in the trial of the case) a wholesale liquor house, in the prescribed territory and sold beer by the gallon, not permitting it to be drunk on the premises where sold.

He moved to quash the indictment on the ground that this section of the charter is void because in conflict with the Federal and State Constitutions, and because the laws of the State nowhere give the City of Wichita Falls, under its charter, the authority to limit the sale of intoxicating liquors within certain bounds of said city.

This motion brings into review section 5 of article 11 of the Constitution, adopted in 1912. It provides that "Cities having more than 5000 inhabitants may by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or the general laws enacted by the Legislature of this State," etc.

After the adoption of this provision of the Constitution, it is affirm-

atively shown and conceded by appellant that the City of Wichita Falls had amended its charter, the agreement reading: "It is agreed that section 23 of the charter of the City of Wichita Falls was a part of the charter. of said city adopted by the City of Wichita Falls at an election held for the adoption of said charter, on the 26th day of November, A. D. 1913, the results of said election being duly canvassed and the result declared as shown by ordinance on page 8, statement of facts, and it is further agreed that this section 23 of the charter of the City of Wichita Falls was in force at the times of the alleged sales of liquor herein, that said section had never been repealed or amended since the adoption of said charter."

Section 23 provides, among other things: "No license shall issue for a longer period than one year, and such license shall not be assignable except by permission of the Board of Aldermen, provided that no person shall be licensed to sell intoxicating liquors except within the following described boundaries in said city." Here follows the field notes of the territory in which license may be granted to sell intoxicating liquors, but as appellant admits he made the sales within the corporate limits of the City of Wichita Falls and outside of the territory thus defined, we do not deem it necessary to set forth the boundaries of the territory. Section 23 then provides: "And no person shall be licensed to sell intoxicating liquors in any building fronting on any alley in said city, and the county judge of Wichita County and the Comptroller of the State of Texas are hereby forbidden to issue any license to sell intoxicating liquors in any building in violation of the foregoing provisions and any license so issued shall be void, and any license to sell intoxicating liquors in violation of this section shall become void."

One of appellant's contentions is, that this section only prohibits the issuance of license to sell, and does not prohibit the sale of intoxicating liquors. We think such criticism hypercritical, as the laws of this State prohibit a man from engaging in the business of selling intoxicating liquors without first obtaining license to sell, and when you prohibit the issuance of license it necessarily carries with it the prohibition to sell. Article 130 of the Penal Code prohibits the pursuing of any occupation taxed by law without obtaining a license, and the business of wholesale dealer in intoxicating liquors is an occupation taxed by law. (Sec. 1, chap. 17, Acts of 31st Leg., p. 294, Session Acts.) Section 23 of the charter makes it plain, for it says: "The Board of Aldermen shall not make any additional regulations of said business than now or hereafter fixed by the laws of this State, *except to enforce the provisions as to selling outside of the limits above described,*" thus reserving to the council the right to pass ordinances in aid of the enforcement of the provision prohibiting the sale in territory where no license is allowed to be issued.

The contention, that we must look to the laws passed by the Legislature for all power for a city to act can not be sustained since the

adoption of section 5 of article 11 of the Constitution. That was the rule prior to the adoption of this provision of the Constitution—that a city must be able specifically to point out the authority to act in the grant given it by the Legislature; otherwise, it was powerless to act. (Heidleberg v. State, 51 Texas Crim. Rep., 581; McNeil v. State, 29 Texas Crim. App., 48.) It was because of this well recognized rule of law that article 5 of section 11 of the Constitution was adopted in 1912. Our Legislature meets but once in every two years, and as new evils arose to require the different cities and towns to rush to it and ask and secure a grant of authority and power to suppress the evil, was regarded as too ineffectual a rule of law, and it was intended by this amendment to give the cities the power to act, without the *specific grant of authority* from the Legislature, and for the Constitution by its terms to confer this power on the cities and towns, and it did do so, only limiting the power thus granted to such limitation as may be prescribed by the Legislature, and provided that such power should not be so exercised as to be inconsistent with the Constitution of the State, or the general laws of the State.

The Legislature of a State has all power to enact laws, except as it may be inhibited by the Constitution of the State or nation. It does not have to look to the Constitution for a grant of power to enact laws, but only to see if it is inhibited from acting. And a city does not, since the adoption of section 5 of article 11, longer have to look to the Legislature for a *grant of power to act* (this being given by the Constitution) but only look to Acts of the Legislature to see if it has placed any *limitations* on the power to act granted by section 5 of article 11. If the Legislature has placed no limitations on the power of a city to act, and the provision is inconsistent with no provision of the Constitution or the general laws of the State, the power of the city is as general and broad as is the power of the Legislature to act. We no longer must look to the Legislature to grant to a city power to amend its charter or to insert therein any given provision, but we only look to the Acts of the Legislature to see if that body by any provision adopted has placed any *limitations* on the power of a city to act in the matter. If therein we find no limitation placed on the city to amend its charter in any given particular, and such provision is inconsistent with no provision of the Constitution and no general law of the State, the city has the authority to so amend its charter and adopt such provision without any grant of power further than that conferred by section 5 of article 11 of the Constitution. The authority and power is therein granted and conferred on the city by a higher power than the legislative body—the sovereign speaking through its written Constitution.

While not necessary for the Legislature to have passed an enabling Act putting in force this provision of the Constitution, as it was self-enacting, and became effective immediately upon its adoption by the people, yet the Legislature did in 1913 pass an enabling Act, and the

first section thereof is an exact copy of section 5, article 11, of the Constitution, granting all the power to cities conferred by the constitutional amendment, if it was necessary for the Legislature to pass an enabling Act. (Chap. 147, Ses. Acts, 33d Leg., p. 30.) In section 4 of this Act, it is declared: That by the provisions of this Act it is contemplated to bestow upon the city adopting the charter or amendment thereunder *the full power of local self-government,* and among other powers that may be exercised by any such city, the following are enumerated for greater certainty: (Omitting all except that relate to the question here involved) "To provide for the establishment of districts within said city wherein saloons may be located or maintained wherein spirituous, vinous and malt liquors may be sold to be drunk on the premises, and to prohibit the sale of such liquors or the location of such saloons within such defined district."

Appellant's contention is, that this section grants authority only to establish districts in which the sale of intoxicating liquors to be drunk on the premises may be prohibited, and does not grant authority for the city in its charter to establish districts in which the sale of intoxicating liquors may be prohibited when such liquors are not to be drunk on the premises; in other words, a wholesale house, selling by the gallon, is beyond the power and control of the city. We do not think this the proper construction to be placed on the language of this section, for the clause "to establish limits wherein saloons may be located wherein intoxicating liquors may be sold to be drunk on the premises," is followed by another clause, "and to prohibit the sale of such liquors." "Such liquors" means spirituous, vinous and malt liquors, as they had been enumerated in the preceding clause, and this second clause provides for the absolute prohibition of the sale of such liquors (in any quantity) in the districts authorized to be established.

But should we be in error in such construction, section 4 is followed by section 5 in the Act passed by the Legislature, and it provides: "The enumeration of powers hereinabove made *shall never be construed* to preclude by implication or otherwise any such city from exercising the powers incident to the enjoyment of local self-government, provided such power shall not be inhibited by the Constitution of the State"; thus granting and conferring on the cities all power that is not inhibited by the Constitution and general laws of the State, as was done by the constitutional amendment. So if section 4 did not confer upon the city the power to establish districts in which liquor should be sold regardless of the quantity, section 5 of the Act does specifically grant such authority and power, if it was necessary for the Legislature to give such a grant.

Appellant also contends that this section of the charter of Wichita Falls is violative of section 20 of article 16 of our Constitution, wherein the people are authorized to adopt prohibition by a vote of the people. This provision of the charter was adopted by a vote of the people, at an election authorized by law to be held, and it by its terms prohibited

the sale of liquor in territory defined, and authorized the sale in territory defined in the charter. The question, that of authorizing a city to adopt and define limits in which the sale of liquor may be permitted, and define limits in the city in which such sales may not be made, is not violative of this provision of the Constitution, has been discussed so frequently by the courts of this State we do not deem it necessary to do so again. In Cohen v. Rice, 101 S. W. Rep., 1052, the Court of Civil Appeals, Fifth District, says:

"The section of the charter quoted above is not a local option statute prohibiting the sale of intoxicating liquors in the City of Marshall, but a statute regulating its sale within that city, and this the State or the city council of Marshall, acting under power conferred by charter, had a right to do under the police power of the State. The ordinance does not prohibit the sale of intoxicating liquors in the City of Marshall, but regulates the sale of the same in the city by confining its sale to the business portion of the city.

"The same contention here insisted upon was passed upon by the Court of Criminal Appeals in the case of Ex parte Levine. (Texas Crim. App.) 46 Texas Crim. Rep., 364, 81 S. W. Rep., 1206. In that case the court had under consideration the charter of the City of Corsicana, which defined the saloon limits and made it unlawful to sell or give away intoxicating liquors outside of such saloon limits. Levine had been convicted of selling intoxicating liquors outside of the saloon limits and taken into custody by the constable, whereupon he made application to the Court of Criminal Appeals for a writ of habeas corpus, claiming the ordinance was invalid. The writ was refused. The court held the provision in the charter was an Act of regulation, and not affected by the provisions of the State Constitution affecting local option." See also Garonzik v. State, 50 Texas Crim. Rep., 533; Ex parte King, 52 Texas Crim. Rep., 383; Ex parte Levine, 46 Texas Crim. Rep., 364; Williams v. State, 52 Texas Crim. Rep., 371.

The Legislature, after the adoption in 1912 of the provision of the Constitution hereinbefore recited, at its session in 1913, passed a law which provides: "Selling outside of fixed limits in cities and towns.— If any person shall sell any intoxicating liquor in any city or town, after such city or town shall in any manner have fixed the limits in said city or town in which intoxicating liquors may be lawfully sold, outside of such limits, he shall be punished by confinement in the State penitentiary not less than one nor more than three years. In prosecutions under this law, where it is proven that there is posted up at the place where such intoxicating liquor is sold, United States internal revenue liquor or malt license to anyone, it shall be prima facie proof that the person to whom such license is issued is engaged in and is pursuing the business and occupation of selling intoxicating liquors, within the meaning of this law." Thus providing a penalty for the sale of liquor in any quantity within limits of a city or town where the city has in any manner fixed the limits in which such sales should not

be made. The city followed the mode and method prescribed by law in fixing such limits, and it is made to appear that the limits in which sales can be made are coextensive with the fire limits of said city,— showing that the sale of liquor is restricted to the business portions of the city and only prohibited in other portions of the city. Such regulations are reasonable and wise, in our opinion.

While not taking up and discussing in every detail the contention of appellant, the above opinion disposes of every contention made. The charter provision is not void; is not inconsistent with any provision of the State or Federal Constitutions, nor any provision of the general laws of this State. It was enacted in accordance with the power conferred on the city by the Constitution of this State by section 5 of article 11; and as the Legislature has seen proper to place no limitations on the power of the city to amend its charter, this court can place none. The charter is admitted to have been legally adopted, and by fixing the limits in which license may be issued to sell intoxicating liquors within such city, it has acted within the power conferred on it by law. The sales being admitted by appellant to have been outside of the limits so fixed and within the prescribed territory, the judgment should be affirmed.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—I do not now express any opinion, but will, as soon as I can satisfactorily do so, look into the questions, and may then write.