## MILLER v. UVALDE CO. (No. 8229.)

Court of Civil Appeals of Texas. San Antonio. June 26, 1929.

Rehearing Denied Oct. 16, 1929.

John J. Foster, Phil B. Foster, Ben F. Foster, and Boggess, La Crosse & Lowrey, all of Del Rio, for appellant.

Terrell, Davis, McMillan & Hall, of San Antonio, for appellee.

SMITH, J. Charles Miller, appellant, owns certain property abutting upon Martin street, in the city of Del Rio, which was ordered paved by the city council, at the expense of the city and owners of abutting property, in the usual proportion of one-third and two-

thirds, respectively. It is conceded, in effect, that all the proceedings leading up to and including the issuance of assignable certificates against the property owners were regular. The certificate issued against appellant was assigned to appellee, the Uvalde Company, and was for a specific sum. It is provided in the certificate, as well as in the ordinance authorizing its issuance, that the amount thereof shall be payable, as follows: "All in cash within ten days from date of certificate of Engineer certifying completion of said work and its acceptance by the City, or one-sixth in cash within ten days after said completion and acceptance, and the balance payable in five equal annual installments, due in one, two, three, four and five years after date, respectively, of said acceptance, with the privilege to said owners to pay any of said installments before maturity upon payment of all accrued interest."

The only question of law presented in appellant's brief is embraced in his first and only proposition that "the governing body of a municipal corporation, operating under a charter as was the City of Del Rio, is without power to create a certificate of special assessment payable in installments, unless the Charter expressly grants the authority to make the same payable in installments, and if such a certificate is so issued, all of the installments become barred in two years from the date of the certificate, even though on the face thereof such installments are deferred for a longer period of time."

In short, it is contended that the city was without authority in law to issue assignable certificates in which the property owner charged therewith is given the option of paying the whole amount thereof in cash, or in installments of deferred payments. It is asserted by appellant, and it appears to be true, that the statutes and charter provision under which the city acted are silent as to the terms upon which such certificates shall be paid by the property owner, and it is contended that without such express authority the city council had no power to prescribe that such payment may be made in installments, at deferred maturities.

██ ██ Under the provisions of the Home Rule Amendment to the state Constitution (article 11, § 5), and of the Legislative Enabling Act (sections 1 and 16, art. 1175, Rev. St. 1925) passed in pursuance of that amendment, certain cities (of a class embracing the city of Del Rio) were given the power (to be exercised through appropriate charter provisions) to pave its streets, to assess a portion of the costs thereof against the owners of property abutting upon such streets, and to issue assignable certificates as evidence of the property owners' obligation to pay the costs of the improvement so assessed against him. It seems to be conceded, or at least it appears to be clear, that in the exercise of these express powers the city, through its

charter provisions, may prescribe the terms and manner of payment of those certificates, so long as such provisions do not contravene those of the Constitution or statutes. Prior to the adoption of the Home Rule Amendment to the Constitution the rule was that municipal corporations could exercise no powers not expressly granted by legislative authority, whereas, under the operation of that amendment and the Enabling Act, those powers were enlarged or extended to embrace all not prohibited by the Constitution or statute. Le Gois v. State, 80 Tex. Cr. R. 356, 190 S. W. 724. And under that rule of construction it is clear that the city of Del Rio had the power *to provide in its charter* that assignable certificates, issued in pursuance of special assessments for local improvements, may be made payable in installments of deferred maturities.

Under authority of the constitutional and legislative grant the city of Del Rio adopted the following charter provision concerning the matter in controversy: "Section 25. The City of Del Rio shall have exclusive dominion, control and jurisdiction in, over and under, the public streets, * * * of the City, and to provide for the improvement of any public streets, * * * by paving, * * * same, and to charge the cost of making such improvements against the abutting real estate, proportional to the number of feet of such real estate abutting on the street to be improved, by fixing a lien against said real estate, and a personal charge against the owner of such real estate, according to assessment specially levied therefor * * *; and by ordinance, provide for the issuance of assignable certificates covering the payment of said cost. * * * *"

It was also provided in said charter: "Section 82. All rights reserved or granted to cities of Five Thousand population under the general laws of the State of Texas, not otherwise set out herein, shall be reserved to the City and shall be as fully operative as though herein specifically set forth."

In attempting pursuance of these provisions the city council adopted an assessment ordinance providing for the issuance of the certificate in controversy, which embraced the very terms prescribed in that ordinance, and set out above.

We hold, then, that the certificate conformed to the ordinance authorizing its issuance, and that the powers exercised in the ordinance were within those powers granted to cities by the Constitution and statutes. This inquiry is thus narrowed to the contention made by appellant that, notwithstanding the granted powers the provision in the certificate, giving appellant the option of paying the amount of it in installments payable in the future, was void because not expressly authorized by the city charter.

██ We have reached the conclusion that the city governing board had the power here

br(ught into question. The Constitution, the Enabling Act, the city charter, intrust to the city the whole control over the streets of the city and the improvement thereof, including the assessment and apportionment of the costs of such improvement between the city and the property owners, and the issuance of assignable certificates as evidence of the latter's liability therefor. There is no apparent legislative or charter intent to prescribe the form of such certificate, nor the method or time of its payment, and it ought to be presumed that by this omission those details were left to the discretion of the city governing board, subject, always, to review and correction in cases of unreasonable exercise of that power. In the exercise of this discretion, the city council provided that the payment could be made in cash, or, at the option of the property owner, in installments running over a period of five years, with the further option reserved to the property owner to pay off these installments at any time it pleased him within said period; so that, after all, the only fixed provision concerning the time or method of payment was that it should be completed within said period. We are of the opinion that the council did not exceed its authority, under the charter, and that the property owner cannot complain merely because the council, instead of arbitrarily requiring him to pay the assessment in cash, extended to him the option of paying it all in cash, or in future installments, subject to the holder's option to declare the whole amount due in event of default in the payment of one or more of the installments when due.

Appellant defaulted in making any payment for more than two years, and some months after the expiration of that period appellee elected to mature the whole amount, and brought this suit thereon. Appellant contends that, because the suit was not brought within two years, the whole cause of action was barred by limitation, since the city had no power to extend the time of payment, and thus interrupt the operation of the general statutes of limitations. The trial court held that, as to the installment maturing more than two years prior to the institution of suit, appellee was barred, but not as to the remaining installments. We conclude that, in the absence of appellee's election to mature all the obligations, more than two years prior to the commencement of suit, limitations would not begin to run as to any of the installments until its maturity or until such election, and the trial court so held.

The judgment is affirmed.

#### On Motion for Rehearing.

In his motion for rehearing appellant raises the fundamental point that, because the city charter did not provide for notice to the property owners of the intention to make the special assessment in question, the assessment proceeding thereunder was void. It is conceded that appellant had notice of the proceeding, and was given ample opportunity to come in and contest the assessment before it was made. Aside from the academic question presented, we conclude that the point raised must be overruled, since appellant had actual notice and an opportunity to be heard in objection to the assessment before it was made. We adhere to the original decision, and with this additional holding overrule the motion for rehearing.