

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-5416
Re: Lack of jurisdiction of Justice
Court over a criminal violation
of a city ordinance which viola-
tion is not a violation of any
State Law.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"I would thank you to advise me whether a jus-
tice of the peace would have jurisdiction to try a
case involving a violation of a city ordinance in a
city in which the justice of peace sits. There is
no violation of a state law involved.

"Section 19, Article V, of the Constitution
indicates that a justice of the peace may try any
criminal case where the fine does not exceed $200.00
but I have been unable to find a case limiting this
to violations of the state law."

Article V, Section 19, Texas Constitution, provides
in part as follows:

"Justices of the peace shall have jurisdic-
tion in criminal matters of all cases when the Penal-
ty or fine to be imposed by law may not be more than
two hundred dollars. . . ."

Section 118, Criminal Law, 12 Texas Jurisprudence,
pages 396-7-8-9, reads as follows:

"¶ 118. Corporation Courts. -- The Code of
Criminal Procedure provides:

"'The corporation court in each incorporated
city, town or village of this State shall have jur-

isdiction within the corporate limits in all crim-
inal cases arising under the ordinances of such
city, town or  village, and shall have concurrent
jurisdiction with any justice of the peace in any
precinct in which said city, town or village is
situated in all criminal cases arising under the
criminal laws of this State, in which punishment
is by fine only, and where the maximum of such fine
may not exceed two hundred dollars, and arising
within such corporate limits.'  (Art. 62, C.C.P.)

"This provision expressly gives corporation
courts authority and jurisdiction  to try offenses
arising out of violations of municipal ordinances,
and also to try offenses arising under the general
penal laws of the State, within the limits prescribed.

"Under the amendment to the constitution giv-
ing the legislature power to 'establish such other
courts as it may deem necessary and prescribe the
jurisdiction and organization thereof,' and to
'conform the jurisdiction of the district and other
inferior courts thereto, '  the legislature has power
to give corporation courts jurisdiction to try
persons for offenses against state laws.  In prose-
cutions for offenses of this character the corpora-
tion courts have jurisdiction concurrently with
any justice of the peace in any precinct in which
the city is situated in all cases where the punish-
ment is by fine only and where the maximum fine
does not exceed two hundred dollars if the offense
has been committed within the city limits; but the
courts may not be given jurisdiction to try mis-
demeanor offenses punishable by imprisonment, at
least in cities operating under the home rule pro-
visions of the constitution; nor may they be cloth-
ed with exclusive jurisdiction over infractions of
state laws to the exclusion of justices' courts or
other courts created by the constitution."  (Bracket
insertion ours)

As far as we have been able to determine the ques-
tion submitted by you has not been directly passed on by our
Texas courts.  However, in the case of Ex parte Levine, 81
S. W. 1206, where relator had been convicted in the city court
of Corsicana for the violation of a city ordinance, we find
the following significant language in the court's opinion:

"In regard to the corporation court in which
relator was convicted, while I regard the effort

Honorable H. D. Stringer, page 3          0-5416

in the charter to constitute that a state court as
futile and without effect (here the court cited
several authorities), still this was a case exclu-
sively cognizable by a municipal court as such, and
it had jurisdiction to try and punish relator upon
conviction of a municipal offense provided for by
city ordinance." (Bracket insertion and underscor-
ing ours)

It is our opinion that a justice court does not
have criminal jurisdiction over a violation of a city or-
dinance which violation does not also constitute a violation
of the penal law of the State.

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS


                         By s/Wm. J. Fanning
                            Wm. J. Fanning
                               Assistant

WJF:db:wc


APPROVED JULY 1, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman