

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 20, 1948

Hon. Allen Harp
County Attorney
Childress County
Childress, Texas

Opinion No. V-745

Re: Jurisdiction of Justice
Court over traffic vio-
lations within the City
of Childress

Dear Sir:

Your request for an opinion by this Department contained
the following:

"My question is whether or not the Justice Court
has concurrent jurisdiction with the Municipal Court in
enforcing city ordinances on the highways and streets
of the City of Childress, and the further question of
whether or not the Uniform Act regulating traffic on
highways extends to the streets dedicated and main-
tained by the City of Childress. . . .

"The State Highway Patrolmen in this area main-
tain that these two Articles extend the regulations
of the Uniform Act regulating traffic on highways to
the streets of any city even though the streets of
such city are dedicated and wholly maintained by the
city. In other words, they maintain that the Justice
Court has jurisdiction in a case involving failure to
stop at a traffic control signal operated on a street
dedicated and maintained solely by the city and far
removed from any State Highway, and also the viola-
tions of traffic control signals operated upon the
State Highway within the city limits which were
placed there by the city through the statutory agree-
ment with the State Highway Department, but which are
city owned and governed by city ordinance. My ques-
tion is whether or not the Justice Court has juris-
diction of such violations enumerated."

Pertinent to your inquiry are the following provisions
of the Uniform Act Regulating Traffic on Highways, Article 6701d
of Vernon's Civil Statutes. Sections 12, 13(a) and 18(a) give
the statutory definitions of terms used later in the Act.

"Sec. 12. Local Authorities. Every County, Municipal, and other local board or body having authority to enact laws relating to traffic under the Constitution and laws of this State.

"Sec. 13(a). Street or Highway. The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

"Sec. 18(a). Official Traffic-Control Devices. All signs, signals, markings and devices not inconsistent with this Act placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic.

"Sec. 26. Provisions of Act Uniform Throughout State. The provisions of this Act shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule or regulation in conflict with the provisions of this Act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Act.

"Sec. 31. Local Traffic-Control Devices. (a) Local authorities, in their respective jurisdictions, may place and maintain any traffic control devices upon any highway under their jurisdiction as they may deem necessary to indicate and carry out the provisions of this Act, or local traffic ordinances, or regulate, warn, or guide traffic. All such traffic control devices hereafter erected shall conform to the State Highway Department's Manual and Specifications.

"Sec. 32. Obedience to Official Traffic-Control Devices. No driver of a vehicle or motorman of a street car shall disobey the instructions of any official traffic control device placed in accordance with the provisions of this Act, unless at the time otherwise directed by a police officer.

"Sec. 143. Penalties for Misdemeanors. (a) It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony. (b) Every person convicted of a misdemeanor

for a violation of any of the provisions of this Act
for which another penalty is not provided shall be
punished by a fine of not less than One ($1.00) Dol-
lar nor more than Two Hundred ($200.00) Dollars.

With reference to exclusive jurisdiction in a municipal
court and to concurrent jurisdiction of a municipal court and a
justice of the peace, we quote the following from Opinion No. 0-5416
of this Department.

"As far as we have been able to determine the
question submitted by you has not been directly
passed on by our Texas Courts. However, in the case
of Ex parte Levine, 81 S. W. 1206, where relator had
been convicted in the city court of Corsicana for the
violation of a city ordinance, we find the following
significant language in the Court's opinion:

"'In regard to the corporation court in which
relator was convicted, while I regard the effort in
the charter to constitute that a State Court as fu-
tile and without effect (here the Court cites sev-
eral authorities), still this was a case exclusively
cognizable by a municipal court as such, and it had
jurisdiction to try and punish relator upon convic-
tion of a municipal offense provided for by the city
ordinance.' (Bracket insertion and underscoring ours.)

"It is our opinion that a justice court does
not have criminal jurisdiction over a violation of
a city ordinance which violation does not also con-
stitute a violation of the penal law of the State."

It is fundamental that a justice of the peace would have no criminal
jurisdiction in an instance where there had been no violation of the
penal laws of the State. The violation of a city ordinance in and
of itself does not give jurisdiction to a justice of the peace.
Under the provisions of Section 31 of Article 6701d, local authori-
ties may place and maintain traffic control devices upon highways
under their jurisdiction. In Section 32 of the Act, it is provided
that unless otherwise directed by a police officer, no driver of a
vehicle shall disobey the instructions of any official traffic con-
trol device placed in accordance with the provisions of the Act.
From this latter provision it is apparent that the Legislature made
it a violation of State law to disobey the instructions of any traf-
fic control device installed or placed under the terms of the Act,
regardless of whether the device was put at a given location by
State authorities or local authorities. We are of the opinion,
therefore, that a justice of the peace has jurisdiction in cases

involving failure to obey instructions of traffic control signals placed in accordance with the provisions of the Act by either State or local authorities and located within the limits of a city.

## SUMMARY

Under the provisions of the Uniform Act Regulating Traffic on the Highways, Article 6701d, Vernon's Civil Statutes, a justice of the peace has jurisdiction in cases involving failure to obey instructions of traffic control signals within the limits of a city and placed there by either state or local authorities in accordance with the provisions of the Act.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Clyde B. Kennelly
   Clyde B. Kennelly
   Assistant

CBK/rt/lm

APPROVED:

/s/ Fagan Dickson

FAGAN DICKSON
FIRST ASSISTANT
ATTORNEY GENERAL