

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

July 26, 1974

The Honorable James H. Harwell
Executive Director
Texas Industrial Commission
Box 12728, Capitol Station
Austin, Texas 78711

Opinion No. H- 357

Re: May a city purchase
property for industrial
development by giving a
note to be repaid out of
the revenues generated
by the property.

Dear Mr. Harwell:

You ask whether a city may purchase property to be used by private industry by giving a note to be repaid out of the revenues generated by the property and without any further liability on the city's part. Apparently the United States has discontinued its use of one or more tracts of land and has indicated a willingness to sell the properties to a Texas city. You ask whether the city might effect the purchase by giving:

> . . . a promissory note in an amount equal to the total consideration for the sale, payable to the appropriate agency (or the United States) bearing a negotiated rate of interest payable on negotiated terms, but expressly providing <u>no liability on the part of the City</u> be transacted including:
>
> a. Terms that call for repayment out of rents and sale of such land and improvements.
>
> b. Appropriate release clauses, and other mortgages, deeds of trust, and customary security devices.

A home rule city's power to purchase land emanates from Article XI, §5 of the Texas Constitution which provides cities of more than 5,000 inhabitants with authority to adopt or amend their charters in any manner not inconsistant with the Constitution and subject to such limitations as may be prescribed by the legislature. Thus if a city's charter provides for general power to purchase land this power can be exercised subject only to whatever constraints are imposed by the Constitution and any relevant legislative enactments. Davis v. City of Taylor, 67 S. W. 2d 1033 (Tex. 1934); and Miller v. Uvalde Co., 20 S. W. 2d 403 (Tex. Civ. App., San Antontio, 1929, writ dism.).

The Legislature has specifically approved of city purchases of land for certain public purposes. Art. 1175, V. T. C. S. Under this provision land may be purchased for water works (§11), "electric lighting plant, telephone, street railways, sewerage plants, fertilizing plants, abattoir, municipal railway terminals, docks, wharfs, ferries, ferry landings, loading and unloading devices and shipping facilities, or any other public service or public utility" (§13). Unquestionably, then, the purchase of land for these and similar "public purposes" is within a city's power under the Constitution.

But the city with which you are concerned proposes to purchase land which will ultimately be used by private industry. Article 3, §52 and Article 11, §3 of the Texas Constitution provide in pertinent part:

> Art. 3, §52 (a)  Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company . . . .
>
> Article 11, Sec. 3.  No county, city or other municipal corporation shall hereafter become

> a subscriber to the capital of any private corpora-
> tion or association, or make any appropriation or
> donation to the same, or in anywise loan its credit;
> but this shall not be construed to in any way affect
> any obligation heretofore undertaken pursuant to law.

These provisions of the Texas Constitution expressly proscribe the lending of a city's credit to a private corporation. A statute authorizing the purchase of land for industrial development, Art. 5190.1, V.T.C.S., has previously been cited to this Office in support of a transaction similar to the one before us now. But this Office refused to approve bonds issued pursuant to that statute on the ground that the statute violated both of the above quoted constitutional provisions insofar as it authorized a city to purchase land for industrial development. On December 19, 1973, the Supreme Court overruled the City's motion for leave to file a petition for mandamus requested by the City of McAllen to compel approval of the bonds. City of McAllen v. Hill, No. B-4315, (17 Tex. Sup. Ct. J. p. 128).

In that case it was the position of this Office that revenue bonds issued to purchase industrial property were without constitutional sanction, even though the City expressly was not and could not be liable on the bonds.

We referred the Supreme Court of Texas to Village of Moyie Springs, Idaho v. Aurora Manfacturing Company, 353 P.2d 767 (Idaho 1960). Construing an Idaho statute similar to Article 5190.1, V.T.C.S., the Idaho Supreme Court said:

> Article 8, §4, of our Constitution, supra,
> goes further and is more restrictive in its
> scope than either art. 8, §3, or art. 12, §4.
> It declares that no municipality 'shall lend,
> or pledge the credit or faith thereof directly
> or indirectly, in any manner, to, or in aid
> of any individual, association or corporation,
> for any amount or for any purpose whatever.'

It cannot be questioned that the purpose of the act now before the court and the ordinance enacted by the plaintiff village pursuant thereto is to lend the credit and faith of the municipality in aid of the defendant corporation. In fact, that is the purpose expressed by the legislature in its declaration of intent, to-wit: 'inducing manufacturing, industrial and commercial enterprises to locate or expand in this State. '

We are aware of decisions in other states upholding similar legislation. We have considered the following: Village of Deming v. Hosdreg Co., 62 N.M. 18, 303 P. 2d 920; McConnell v. City of Lebanon, Tenn., 314 S.W. 2d 12; Bennett v. City of Mayfield, Ky., 323 S.W. 2d 573; Holly v. City of Elisabethton, 193 Tenn. 46, 241 S.W. 2d 1001; Albritton v. Winona, 181 Miss. 75, 178 So. 799, 115 A.L.R. 1436; In re Opinion of the Justices, 256 Ala. 162, 53 So. 2d 840.

Some of these decisions are distinguishable from the present case by reason of differences in the constitutional provisions involved. But we respectfully disagree with the reasoning by which the conclusion is reached in others, that projects such as we have here do not constitute a lending of the credit of the municipality. Such decisions read like apologies to constitutional limitations, dictated by expediency.

It is obvious that one of the prime purposes of having the necessary bonds issued by and in the name of a municipality is to make them more readily salable on the market. Thus, the credit of the municipality is extended in aid of the project, regardless of the limitations placed upon the remedy of the purchaser . . . . (353 P. 2d at 772)

It is our opinion that the same arguments which condemned the revenue bonds proposed by the City of McAllen equally condemn the promissory note proposed by the city in question here insofar as such a note would be used to purchase land for private industrial use. Even though the city would not be liable on the note given to purchase the land, the land when so purchased would be the city's as would be the revenues generated by it. The note would be the city's as would be the credit on which it was issued. In short, we do not see how the property can be acquired in the manner and for the use proposed without violating the Texas Constitution.

We do not attempt to imply that all dealings with private corporations of the general type you envision are invalid per se by force of Article 3 § 52 and Article 11 § 3. The credit clauses do not prohibit dealings with private corporations and associations so long as a legitimate public purpose is served, but it is not considered a public purpose within this legal context, when municipal credit is used to obtain for the community and its citizens the general benefits resulting from the operation of a private industry. Barrington v. Cokinos, 338 S. W. 2d 133 (Tex. 1960); and Bland v. City of Taylor, 37 S. W. 2d 291 (Tex. Civ. App., Austin, 1931), affirmed sub. nom., Davis v. City of Taylor, 67 S. W. 2d 1033 (Tex. 1934).

## SUMMARY

It is not constitutionally permissible for a city to purchase land for future industrial development by means of a promissory note to be paid out of revenues generated by the land without recourse to the city when the benefit to the public from such a purchase is such benefit as may be derived from the attraction of new industry.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 1683

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg