### PITRE v. BAKER et al.

### No. 3309.

Court of Civil Appeals of Texas. Beaumont.

Dec. 8, 1937.

Rehearing Denied Dec. 29, 1937.

Xavier Christ and B. C. Johnson, both of Port Arthur, and D. E. O'Fiel, of Beaumont, for appellant.

Wm. McCraw, Atty. Gen., Vernon J. Wistner, of Port Arthur, and E. W. Easterling, Co. Atty., of Beaumont, for appellees.

WALKER, Chief Justice.

The city of Port Arthur in Jefferson county, a municipal corporation, charted under section 5 of article 11 of the Constitution, the Home Rule Amendment, by an election held on the 4th day of November, 1936, adopted the following amendment to its charter, which was duly certified to the secretary of state: "No spirituous, vinous and malt liquors or beer shall be sold or any license or permit be issued for the sale of same, either by the State, County, or City, except within the following defined areas and/or boundaries within the City of Port Arthur, Texas, to-wit:" [Here follow the field notes of the "defined areas" within which the sale of liquor and beer was not prohibited.] At the time of the election, and prior thereto, the city of Port Arthur, to the full extent of its corporate limits, was "wet" territory. On and prior to the day of the election, appellant, D. P. Pitre, was engaged in the liquor business, selling beer at retail, which business he continued after the election; his place of business before and after the election was located in that section of the city where the sale of liquor and beer was prohibited by the charter amendment.

On the 31st day of August, 1937, appellant instituted this suit against the city of Port Arthur, H. F. Baker, its chief of police, W. W. Richardson, sheriff of Jefferson county, J. Ross Simmons, constable of precinct No. 2, of Jefferson county, which included the city of Port Arthur, and Grady Watson, deputy liquor administrator, under the terms and provisions of the Texas Liquor Control Act, as amended, Vernon's Ann.P.C. arts. 666—1 et seq., 667—1 et seq., pleading the adoption of the charter amendment, given above, and praying for a temporary injunction to restrain appellees, pretending to act under the charter amendment, from interfering with him in the operation of his business and, on final hearing, that the injunction be made permanent. This petition was presented to Judge Geo. C. O'Brien, one of the district Judges of Jefferson county, on the 31st day of August, 1937, who granted the temporary injunction in all things as prayed for. On the 20th

day of September, appellant filed his first amended original petition, praying that the temporary injunction be continued in effect and, on final hearing, that it be made permanent; for grounds of relief he pleaded the due incorporation of the city of Port Arthur under the home rule amendment, the calling of the election, etc.; that he was engaged in selling beer at retail in that portion of the city where the sale of beer was prohibited by the charter; that he was licensed by law to sell beer at retail up to the 1st day of January, 1938; the amount of profits derived by him from his business, the nature and value of his investment in his business; that his business was not in a strictly residential section of the city, but in a section where business predominated; and that, if the charter amendment was enforced against him as appellees were threatening to do, his business and property would be destroyed to his great financial loss. He pleaded further that the election by which the charter amendment was adopted violated section 20 of article 16—the local option amendment—and section 28 of article 1 of the Constitution; that it was in conflict with Liquor Control Act, Acts 1935, 2d called Sess. c. 467, section 10½ of article 2, as added by Acts 45th Leg. 1st Called Sess., 1937, S.B. 20, § 16, and subsection (g) of section 7 of article 2, as amended by the 45th Leg., 1937, H.B. No. 5, 1937 (Vernon's Ann.P.C. arts. 667—10½, 667—7(g); and, generally, that it conflicted with the Constitution, the Liquor Control Act, and the laws of the state. Appellees answered by general demurrer, etc., and by way of cross-action, praying that appellant be enjoined from continuing his business and from violating the charter amendment, which, on the allegation of the answer, was legally adopted and was not in violation of any constitutional or statutory law; they also prayed for damages on appellant's bond. The case came on for trial on the 1st day of October and all parties announced ready for trial; appellees dismissed their cross-action "without prejudice." The court sustained the general demurrer to appellant's petition and, when he declined to amend, dismissed his cause of action at his cost.

Opinion.

There is no merit in appellant's proposition that the election on the charter amendment was in effect a "local option election," and that the declaration of the result of the election and of appellees' ef-

forts to enforce the charter amendment constituted an effort to enforce the result of a local option election. The election by which the charter amendment was adopted was not a local option election nor did it violate section 20 of article 16 of the Constitution. That very point was decided by the Court of Criminal Appeals in Le Gois v. State, 80 Tex.Cr.R. 356, 190 S.W. 724, 726; in that case appellant was convicted of selling intoxicating liquor in the city of Wichita Falls, a home rule city, outside the territory in the city in which saloons were authorized to be licensed by the city charter. On appeal he complained that the section of the charter, defining limits in which intoxicating liquor could not be sold, violated section 20 of article 16 of the Constitution; answering that question, Judge Harper, speaking for the Court of Criminal Appeals, said:

"Appellant also contends that this section of the charter of Wichita Falls is violative of section 20 of article 16 of our Constitution, wherein the people are authorized to adopt prohibition by a vote of the people. This provision of the charter was adopted by a vote of the people, at an election authorized by law to be held, and it by its terms prohibited the sale of liquor in territory defined, and authorized the sale in territory defined in the charter. The question that of authorizing a city to adopt and define limits in which the sale of liquor may be permitted, and define limits in the city in which such sales may not be made, is not violative of this provision of the Constitution, has been discussed so frequently by the courts of this state we do not deem it necessary to do so again."

■ Articles 1011a to 1011j, Vernon's Ann.Civ.St., confer upon cities certain powers to zone the territory within their corporate limits; appellant construes these statutes as being exhaustive of the power of a city to zone its territory for any purpose not named in these articles. This contention is overruled. Articles 1011a to 1011j, have no relation whatever to the regulation of the liquor business. Prior to the adoption of the home rule amendment, cities and towns looked to the general laws of the state for their power to act, and they had no power not granted them by law. The home rule amendment changed that principle of law, and home rule cities now have all power not denied them by the Constitution and general statutes; the distinction is this—before the adoption of the home rule amendment, cities and towns were compelled to point out the authority to act in the grant given them by the Legislature; since the adoption of the amendment, cities and towns look to the Constitution and general laws, not for specific grants of power, but to ascertain whether or not a specific power is denied them. Le Gois v. State, supra. There is nothing in the articles cited and relied upon by appellant nor in the Liquor Control Act, taking from the city of Port Arthur the power to amend its charter in the respect involved in this litigation. So it is our conclusion that, in adopting this charter amendment, the city did not exceed its constitutional grant of authority.

Since the election by which the charter amendment was adopted was not a local option election, appellant cannot contest the election under the statute regulating the contest of local option elections; there is no contention made by appellant that he complied with the provisions of the law regulating the contest of an election other than a local option election.

■ We concede appellant's proposition that, to be binding upon the city of Port Arthur, the charter election must have been held by virtue of some legal authority. Coffee v. Lieb, Tex.Civ.App., 107 S.W.2d 406. But, on the facts of this case, the proposition is merely a legal abstraction; the charter election was held in due compliance with law.

■ Appellant engaged in the liquor business in the city of Port Arthur, visited with knowledge of the power of the city to regulate his business and to confine it to restricted and defined areas; so, he has no complaint that the charter amendment destroyed his business and impaired the value of his investments.

The judgment of the lower court sustaining the general demurrer against appellant's petition is in all things affirmed.