## TRITICO et al. v. TEXAS LIQUOR CONTROL BOARD.*
### No. 3400.

Court of Civil Appeals of Texas. Beaumont.
March 30, 1939.

Rehearing Denied April 5, 1939.

*Judgment reversed 128 S.W.2d 379.

Shivers & Keith, of Port Arthur, for appellants.

Gerald C. Mann, Atty. Gen., Victor Boulden and Lloyd Davidson, Jr., Asst. Attys. Gen., E. W. Easterling, of Beaumont, and J. W. O'Neal, of Port Arthur, for appellees.

COMBS, Justice.

Appellants made application for renewal of their package store permit to sell liquor at retail in unbroken packages at their place of business in the City of Port Arthur. The permit was refused because the store was located within territory of the city of Port Arthur which had been declared a dry area by amendment to the city charter. By this action appellants sought a mandamus to compel the administrator of the Texas Liquor Control Board to issue the permit. Plaintiffs fully plead their case and alleged facts which entitled them to the permit provided the charter provision in question is invalid, as they contend it is. But, on the other hand, if the charter provision is valid then they are not entitled to the relief sought. The trial court in effect held the charter provision valid by sustaining a general demurrer to plaintiffs' petition, and this appeal is from that judgment.

The City of Port Arthur, which is a "Home Rule" city, adopted the charter amendment on November 4, 1936. It reads as follows: "No spiritous, vinous and malt liquors or beer shall be sold or any license or permit be issued for the sale of same, either by the State, County, or City, except within the following defined areas and/or boundaries within the City of Port Arthur, Texas, to-wit:" (Then follow certain boundaries.) This charter amendment was before this court in Pitre v. Baker, 111 S. W.2d 359. We held it valid as against the grounds of invalidity there urged. The appellants here attack the amendment on grounds not urged in the Pitre case, which grounds are stated in their brief as follows:

"(a) The same was in conflict with a general law of the State of Texas, section

740

24, Article 1, Texas Liquor Control Act (Vernon's Ann.P.C. art. 666—24).

"(b) The same was in conflict with Article 16, Section 20, of the Constitution of Texas (Vernon's Ann.St.), in that it was a local option provision;

"(c) The same was discriminatory, arbitrary, and unreasonable in its scope and showed upon its face that it was so capricious, arbitrary, unreasonable, unwarranted, and discriminatory as to constitute the taking of property without due process of law, contrary to both the State and Federal Constitutions (Const.Tex. art. 1, § 19; Const.U.S. Amend. 14).

"(d) The same was contrary to Section 24, Article 1, Texas Liquor Control Act in attempting to prohibit sales in business territory."

### Opinion.

It is apparent from their brief, as well as from oral argument of counsel, that appellants rely chiefly on their contention that the charter amendment, wherein it attempts to zone the sale of liquor in Port Arthur, is in conflict with Art. 1, Sec. 24, Texas Liquor Control Act (Vernon's Ann. P.C. art. 666—24). The provision of the general law with which appellants insist the charter provision conflicts, reads as follows: "In any city where the sale of liquor as herein defined *is* prohibited by its charter from being' sold in its residence section, or any part thereof, such charter amendment shall *remain* valid and continue effective until such time as said charter provision may be repealed or amended as provided by law." Appellants' contention that the charter amendment was in conflict with the above provision of the Liquor Control Act is in substance that the Legislature by that act passed a general statute on the subject of liquor zoning by cities and consequently the Home Rule cities no longer possess the power to zone except as authorized by the act. And that the quoted provision which continued in force charter zoning provisions, existing at the time of its passage, but without authorizing such zoning in the future except as to beer, etc., left Texas cities without power to adopt charter provisions of the character involved here.

▉▉▉▉ We think that view is clearly untenable. It cannot be questioned that cities operating under the "Home Rule Amendment" have the general power to confine the sale of intoxicating liquors to defined districts within the city. Le Gois v. State, 80 Tex.Cr.R. 356, 190 S.W. 724; Ex parte King, 52 Tex.Cr.R. 383, 107 S.W. 549; Pitre v. Baker, Tex.Civ.App., 111 S.W.2d 359. Such power is derived from the Constitution and not from the Legislature, and is subject only to the limitation that such regulatory laws of a city may not contravene the Constitution and the general laws of the state. Davis v. City of Taylor, 123 Tex. 39, 67 S.W.2d 1033. Such being the case, our inquiry is not whether the Liquor Control Act conferred upon the City of Port Arthur power to adopt the charter amendment but is merely whether it forbade it. We discover nothing in the act evidencing a legislative intent to deprive cities of their power to zone the sale of liquor. The quoted provision was evidently intended as a mere saving clause. The act nowhere by express terms forbids cities the right to zone the sale of liquor, and since any such provision of the statute would be a limitation upon a power already possessed by Home Rule cities no intent to impose such limitation should be read into the statute by mere implication.

▉▉▉▉ There is a further contention that the charter amendment was void because discriminatory, arbitrary and unreasonable in its scope in that much of the business district of the City of Port Arthur was excluded from the district wherein sale of liquor was allowed, which result it was 'alleged was brought about by "Gerrymandering tactics" on the part of the framers of the amendment. We think that contention is also without merit. Charter provisions which establish such districts and confine the sale of liquors within such territory are not in the nature of prohibition laws but are regulatory in nature. Williams v. State, 52 Tex.Cr.R. 371, 107 S.W. 1121; Ex parte Abrams, 56 Tex. Cr.R. 465, 120 S.W. 883, 18 Ann.Cas. 45; Pitre v. Baker, Tex.Civ.App., 111 S.W.2d 359. Cities are of necessity clothed with a very broad discretion in establishing zones and regulating the sale of liquor. An ordinance or charter amendment is not void as being unreasonable and arbitrary merely because it leaves a portion of the business section of the city outside the zone where the sale of liquor is permitted. City of Brownsville v. Fernandez, Tex.Civ.App., 202 S.W. 112. The Home Rule amendment confers upon cities to which it is applicable a very large measure of local self-government. And ·reason and common

sense suggest the wisdom of leaving the matter of the sale of liquor, its regulation and control, to the greatest extent consistent with the Constitution and general laws in the hands of the people of such cities whose interests are intimately and vitally affected by it. It is our view that regulatory laws adopted by the people of a city in promoting the public morals, safety and welfare cannot be revised by the courts unless it is made clearly to appear that the action complained of was arbitrary, unreasonable and a clear abuse of power. City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S.W. 303; City of San Antonio v. Teague, Tex.Civ.App., 54 S.W. 2d 566; City of San Antonio .v. Fetzer, Tex.Civ.App., 241 S.W. 1034.

It is our conclusion that the trial court was correct in sustaining the general demurrer to plaintiffs' petition.

Judgment affirmed.