

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 23, 1939

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-85
Re: Home rule city charter
amendment - zoning liquor
regulations - statutes.

Your letter of January 9th is duly acknowledged received.

From the facts recited therein, this department construes and deals with your questions hereinafter set forth only as affected by and in the light of the recent amendment to the Liquor Control Act passed by the Forty-Fifth Legislature, First Called Session, S. B. No. 20, Section 16, appearing as Article 667-10½, Penal Code, Revised Statutes 1925. I am not undertaking to pass on the validity of the amendment to the City of Port Arthur as to its provisions and the regulatory manner of its passage, as I have not had a copy of this amendment presented with your request.

Your questions submitted are as follows:

"1.   Is the aforesaid amendment to the Charter of Port Arthur valid?

"2.   Will it be necessary for said city to hold another election for the purpose of amending its Charter in order to conform with the Act of the Legislature above listed?"

As to the first question and the authority of the city to pass said amendment referred to, this point seems to have been raised in Pitre vs. Baker, 111 SW (2nd) 359, al-

though the court did not seem to pass directly upon the question. The holding in that case was that the election in which the Port Arthur amendment to its charter was passed, was not in effect a local option election, and could not be contested under statutes regulating contests of elections. This holding is amply supported in the case cited therein, LeGois vs. State, 80 Tex. Cr. R. 356, 190 SW 734-6. From this case, we can further assume that Port Arthur is classified as a home rule city, with full authority to govern, vested in its city officials, and by elections duly held, can amend its charter; that the amendment in question was adopted when the city was "wet" on November 4, 1936.

When an amendment is adopted by a majority of the qualified voters at the election, and an order declaring its adoption is entered in the records, it becomes part of the charter and is entitled to the same consideration as if it were contained in an act of the Legislature. Revised Statutes 1925, Article 1170. Bland vs. City of Taylor, 37 SW (2nd) 291, 14 T. J. page 15, pagagraph 14.

Section 5, Article 11 of the Constitution of Texas provides that cities having more than five thousand inhabitants may by election held for the purpose, adopt or amend their charter, subject to such limitations as may be prescribed by the Legislature. It further provides that such amendment or act adopted shall not contain any provisions inconsistent with the Constitution and general laws enacted by the Legislature. As to the purpose and intention of this home rule amendment, see LeGois vs. State, supra.

This department has heretofore held and the decisions sustain in my opinion, the authority of home rule cities to regulate, within its limits, the traffic in liquor. Cohen vs. Rice, 101 SW 1052. Williams vs. State 107 SW 1121 and Ex Parte Hollingsworth, 203 SW 1102. Such regulations, however, must not be inconsistent with legislative regulation upon

the same subject. Section 2 of Article I of the Liquor Control Act, chapter 467, passed by the Forty-Fourth Legislature, 1935, designates the act an exercise of police power of the state. The amendment in question effective 1927, would not necessarily invoke or supersede powers previously granted to home rule cities, in the absence of an irreconcilable conflict with charter provisions of such cities upon the same

subject.

      I conclude, therefore, that the amendment as contained in the 1937 act referred to in your letter would not, in my opinion, render the Port Arthur charter or amendment, otherwise valid prior to its passage, invalid. Such amendment would not affect the City of Port Arthur's present charter provision which I am constrained to presume in this opinion to be consistent with the Constitution and general laws of the State, existing at the time and prior to the adoption of same.

      Trusting that the above will answer your questions, I remain

                Very truly yours

                ATTORNEY GENERAL OF TEXAS

      By                    Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS.