### LOUDER et al. v. TEXAS LIQUOR CONTROL BOARD.

### No. 4574.

Court of Civil Appeals of Texas. Beaumont.

Sept. 30, 1948.

Rehearing Denied Oct. 27, 1948.

Baker, Vaughan & Black, of Pt. Arthur, for appellants.

Price Daniel, Atty. Gen., and William S. Lott and Clinton Foshee, Asst. Attys. Gen., for appellee.

MURRAY, Justice.

The appellants, Louder, et al., operated stores for the sale of alcoholic liquors under licenses granted by the appellee, The Texas Liquor Control Board, in areas adjacent to the City of Port Arthur, in Jefferson County. Their licenses expired on August 31, 1948, and when they made application for their renewal the appellee board refused to renew them for the stated reason that such areas are now a part of the incorporated city of Port Arthur, which city had by zoning provisions in its charter restricted the sale of alcoholic liquor to certain areas which did not include the annexed areas. The appellants brought suit in the district court of Jefferson County, praying that the appellee board be required by writ of mandamus to issue the licenses to the respective persons for their respective locations. The district court refused to grant such writs of mandamus, and the appellants have perfected their appeal to this court for review of the trial court's action.

The facts in the case are not in dispute. Jefferson County, in which lies the city of Port Arthur, by a local option election in 1935, voted wet and no local option election has been held in Jefferson County or the City of Port Arthur since that time. The local option status of Port Arthur remains wet. In May, 1948, the City of Port Arthur annexed two adjacent areas in which appellants were lawfully engaged in the sale of alcoholic liquors. The City of Port Arthur has in effect a zoning provision of its charter, Chapter XXIII, Section 3-A, which provides:

"No spiritous, vinous, and malt liquors or beer shall be sold or any license or permit be issued for the sale of same, either by the State, County, or City, except within

the following defined areas and/or boundaries within the City of Port Arthur, Texas, to-wit: * * *."

(Included here in the said section is a lengthy description by metes and bounds of certain areas within the city. The annexed areas, of course, are not included within such areas. They were not a part of the city at the time such section of the city charter was adopted.)

The effect of the above provision of the charter of the City of Port Arthur was to zone the sale of alcoholic beverages and confine the sale thereof to a small area of the city.

No reason is assigned by the appellee board for refusing to renew the licenses of the appellants other than the fact that the locations for which licenses are desired are within the City of Port Arthur and are not within the zone in which the sale of alcoholic liquors is permitted to be sold under the charter of the City of Port Arthur. No ordinance or amendment to the charter of the City of Port Arthur had been passed or adopted since the date of the annexation, relating to the zoning for liquor of the annexed areas.

The appellants bring their appeal upon eleven points, under which they assign error to the action of the trial court. They contend that (1) the trial court erred in not granting them the relief prayed for; (2) the liquor zoning portion of the city charter, Section 3a of Article 23, did not apply to their applications for liquor licenses, and therefore when they filed their applications and bonds in due order, the trial court should have ordered the licenses to be issued; (3) there was no ordinance regulating the annexed territory in question, since Article 666—1 et seq. of Vernon's Annotated Penal Code failed to provide a means whereby package stores such as theirs could be zoned or regulated; (4) there being no temporary zoning ordinance or regulation affecting the annexed territory, the licenses should have been issued; (5) the annexed territory did not lose its wet status when it was annexed by the City of Port Arthur, and the trial court therefore was in error in holding that the annexed territory became a part of the dry zone of the city when annexed; (6) Section 3a, Article 23, of the city charter did not apply to the annexed areas; (7), (8) and (9), the City of Port Arthur could not exercise any privileges pertaining to the operation of businesses in the annexed territory until the city commission, by a temporary ordinance or a permanent ordinance or an amendment to the charter was enacted to regulate zoning in the annexed territory, and the trial court was in error in failing to order the issuance of the licenses by appellee to the appellants; (10) any regulatory ordinance or amendment to the charter of the City of Port Arthur could not and did not extend to and govern any annexed territory because such would deprive the persons in the annexed territory, particularly the appellants, of the right and privilege to be heard on the regulatory regulations and the trial court by its holding deprived the appellants of a valuable property right without due process of law; (11) the territory where appellants have been operating their liquor stores is strictly in a business district, and Article 666—24, of the Penal Code of Texas therefore does not apply, and the trial court erred in not granting the mandamus as prayed for.

The appellee presents its answer to the arguments of the appellants in one Counter Point. It says, "Section 3-A, Chapter XXIII, of the charter of the City of Port Arthur, which confines the sale of alcoholic beverages to a certain described area in the downtown business section, applies to and governs the recently annexed areas to the City of Port Arthur, thereby prohibiting the sale of alcoholic beverages in such areas and is sufficient grounds for the Texas Liquor Control Board to refuse to renew the liquor licenses of the appellants."

The appeal thus presents to us the questions of law which are summed up in the counter point of the appellee.

It is well established in our jurisprudence that a home rule city such as Port Arthur can regulate the sale of alcoholic beverages by zoning. Le Gois v. State, 80 Tex.Cr.R. 356, 190 S.W. 724. The zoning section of the Port Arthur charter was before this

court in the earlier cases of Pitre v. Baker, Tex.Civ.App., 111 S.W.2d 359, and Tritico v. Texas Liquor Control Board, Tex.Civ. App., 126 S.W.2d 738. In the Pitre case, supra, this court held said Section 3a of Chapter XXIII of the Port Arthur charter was not in conflict with the constitution of the State of Texas, or the Texas Liquor Control Act, or the other laws of the State, and that the City of Port Arthur had the right and power to restrict the sale of alcoholic liquors to the area designated in such zoning section of the charter. In the Tritico case, supra, the appellants applied for renewal of their licenses or permits to sell liquor at retail at their place of business in Port Arthur. The permit was refused because the store was located within an area in the City of Port Arthur where the sale of alcoholic liquors had been prohibited by said Section 3a, Chapter XXIII of the city charter. Then they brought suit, seeking a writ of mandamus to compel the issuance of the permits. The writer of this opinion was the trial judge in the case, and he refused to grant the mandamus. On appeal, this court affirmed the judgment of the trial court. In its opinion the court reaffirmed the principles announced in Le Gois v. State, supra, and Pitre v. Baker, supra, and further said in its opinion [Tex. Civ.App., 126 S.W.2d 740]:

"Reason and common sense suggest the wisdom of leaving the matter of the sale of liquor, its regulation and control, to the greatest extent consistent with the Constitution and general laws in the hands of the people of such cities whose interests are intimately and vitally affected by it. It is our view that regulatory laws adopted by the people of a city in promoting the public morals, safety and welfare cannot be revised by the courts unless it is made clearly to appear that the action complained of was arbitrary, unreasonable and a clear abuse of power."

From these authorities, it is clear that a city can, by zoning regulations, restrict the sale of aloholic liquor to certain areas within the city.

There remains for determination the one question of law presented in this appeal, which is, does Section 3a of Chapter XXIII of the charter of the City of Port Arthur, the liquor zoning section of the charter, apply to and govern the recently annexed areas to said city, thereby making it illegal to sell alcoholic beverages within the newly annexed areas as a part of the new city limits?

"When territory has been lawfully annexed by a municipal corporation, the new territory becomes, ipso facto, a part of the municipality for all urban purposes and such new area becomes at once subject to municipal jurisdiction and may be governed under the powers of the municipal corporation, in like manner as the original limits were governed prior to the change." McQuillan on Municipal Corporations, Second Addition, Vol. 1, page 857.

"A municipal ordinance designed for the city at large operates throughout its boundaries whatever their change. Its operation includes automatically such additions of territory as may be provided by law from time to time. Thus a by-law forbidding the keeping of a slaughterhouse within the limits of a town will apply to territory subsequently added to the town. So a penal ordinance relating to the sale of liquor, which, in terms, applies to 'any territory over which the town may have jurisdiction for that purpose', operates in territory over which the town is given jurisdiction by subsequent legislative act." McQuillan on Municipal Corporations, Second Ed., Vol. 2, page 724.

The appellants cite and rely upon the cases of Pollard v. Snodgrass et al., Tex. Civ.App., 203 S.W.2d 641, and Houchins v Plainos, et al., 130 Tex. 413, 110 S.W.2d 549, under their first point. These cases are readily distinguished from the case before us, and are not in point on the present controversy. Pollard v. Snodgrass, supra, held that a city could not permit or regulate the sale of intoxicating liquors by charter or ordinance in any territory which had voted dry under a local option election. It involved the annexation of a part of a justice precinct which had voted dry. Houchins v. Plainos, supra, held that the area of Houston Heights, dry by local option, did not become a wet area by being annexed to and a part of the City of

Houston, a wet area. Neither of these two cases deals with the question before us, that is, whether a wet area annexed to a city becomes subject to the charter zoning regulations of the city which restrict the sale of liquor to certain areas specified in the charter.

The arguments of appellants' in their first ten points are disposed of in the above discussion. They are overruled.

Appellants contend that to refuse to renew their liquor licenses would be depriving them of a valuable property right, and this point is argued under the first three points and also at the conclusion of their brief in a sort of general argument under all points. The Texas Liquor Control Act states in its language, in Article 666—13, Penal Code, as follows:

"Any permit or license granted under the terms of either Article I or Article II of this Act shall be a purely personal privilege * * * and shall not constitute property".

It has long been held by the courts of Texas that the right to sell liquor or have a liquor license is not a property right. A citizen has no inherent right to engage in the business of selling liquor, but he may engage in it only by permission of the State. Eckert v. Jacobs, Tex.Civ.App., 142 S.W.2d 374; Pitre v. Baker, supra. Thus the appellants here have not been deprived of a property right when the renewal of their licenses was refused.

The appellants cite the case of City of Dallas v. Meserole, Tex.Civ.App., 155 S.W.2d 1019, in their contention that because of the fact that the City of Port Arthur did not pass any new zoning regulations, either temporary or permanent, dealing with liquor zoning in the newly annexed areas, there were no such zoning regulations applying therein. In that case, Meserole owned real estate in territory which was annexed to the City of Dallas. Shortly before the annexation, he began the construction of some buildings to be used for business purposes on this property. On the date of the annexation, the City of Dallas passed an ordinance which imposed certain restrictions and conditions upon buildings and construction then going on in the annexed areas. The City of Dallas had a master zoning plan, and this ordinance was passed in order to give the city authorities sufficient time in which to study the building situation and conditions in the newly annexed areas and apply the master plan to it. Meserole sought to enjoin the city from enforcing the ordinance as to him and his buildings. The appellate court denied the injunction. In passing on the situation before it, however, the court stated that "when the citizens' petition was filed with the city and the council assented to the annexation, potential jurisdiction was then attached to the city; at least, such action extended the police power to hold the area in status quo, pending the final determination of annexation and zoning." The appellants contend that this language is authority for their proposition that in the area newly annexed to the City of Port Arthur, where they have conducted their businesses until the area was annexed, the then existing businesses of every kind and character, should remain as they were as of the date of the annexation "with their continued operation until the city zoned the annexed territory". They say that since the City of Port Arthur has not passed any kind of new zoning ordinance, temporary or permanent, their newly annexed area is still not affected by any zoning ordinance, under the Meserole case. We do not agree that this is the effect of the holding in that case on the newly annexed areas as to the liquor zoning charter provision. In the Meserole case, the court was concerned with building restrictions and regulations. It could not be determined on the date of annexation whether the building restrictions would or should apply, or whether any new regulations should be adopted for that section. The Port Arthur city charter provision, however, is definite and exacting in its provision that liquor be not sold in any part of the city except those named in the charter section. By its wording, no further action on the part of the City was necessary to put it into effect in the newly annexed areas. Under the authority quoted above, McQuillan on Municipal Corporations, the territory became ipso facto subject to this provision. The

Meserole case was dealing with a property right, and the present controversy deals only with a privilege, and we do not think the statement in the opinion relied on by appellants applies to a permit to sell liquor, nor do we think such ruling requires that the status quo be maintained in the annexed area as to liquor sales.

■■■ Appellants contend in their eleventh point that their areas are business areas, not suitable for residences, and therefore the court should have ordered their permits renewed so that they could continue as they had before the annexation. This point is overruled. Under the case of Eckert v. Jacobs, Tex.Civ.App., 142 S.W.2d 374, it is immaterial whether the area was wholly commercial or partly residential and partly commercial. The business of selling wine or beer or liquor on the premises is not one which appellants had the inherent right to engage in. It is a matter of common knowledge, recognized by the courts, that the sale of intoxicants is accompanied with objectionable features not common to other types of commercial enterprises, and such facts constitute valid grounds for a separate classification or prohibition thereof in a given commercial area, for the protection of the health, morals, safety, peace, and convenience of the public. Eckert v. Jacobs, supra.

We agree with the appellee in its contentions, and hold that the annexed wet territory of the City of Port Arthur is governed by the city ordinances and charter of said city; that the liquor zoning provisions of the city charter apply to such annexed territory; that the sale of alcoholic beverages within such areas and territory would be unlawful under the terms of the city charter; and that the Texas Liquor Control Board was correct in refusing to renew liquor licenses in such areas.

We believe that the only remedy which the appellants have is to apply to the city authorities in the manner prescribed in its charter for amendment to the zoning provisions of the charter.

The judgment of the district court is affirmed.

COE, C. J., and WALKER, J., concur.