**T. C. COVINGTON, Appellant,**

v.

**The CITY OF DENISON, Appellee.**

No. 16223.

Court of Civil Appeals of Texas.

Dallas.

June 28, 1963.

Slagle & Kennedy, Sherman, for appellant.

Hal Rawlins, City Atty., and Charles H. Gullett, Denison, for appellee.

WILLIAMS, Justice.

Summary judgment proceeding Rule 166–A, Texas Rules of Civil Procedure. Appellant, T. C. Covington, a property owner in the City of Denison, made application to the City for permission to have his property placed in a district which would permit him to sell alcoholic beverages. The application being denied appellant brought this suit alleging that such action by the City was an abuse of its discretion and that such denial was arbitrary, capricious and unreasonable. His suit was in the nature of a mandamus action wherein he requested the District Court to direct the City to grant his application to place his property in a district where liquor might be legally sold. Appellant also contended that Sections 7 and 8 of the Liquor Ordinance of the City of Denison were invalid.

The City filed its motion for summary judgment, duly verified, and attached thereto certified copies of the applicable ordinances relating to the sale of intoxicating beverages within the City of Denison, and also minutes of the proceedings before the City Council which culminated in the refusal of appellant's application. Appellant made no answer to the motion nor did he file countervailing affidavits or other extrinsic evidence in opposition thereto. The trial court sustained appellee's motion for summary judgment, denying appellant any relief. Appellant assails the judgment of the trial court in two points of error, namely, (1) that "the court erred in granting appellee's motion for summary judgment", and (2) "that Sections 7 and 8 of the Ordinance in question are invalid as they are unreasonable, discriminatory and oppressive". We find no merit in either of appellant's points and affirm the judgment.

■ Appellant's first point contending that "the trial court erred in granting appellee's motion for summary judgment" is too general and does not meet the requirements of Rule 418, T.R.C.P. relating to briefing. White v. Great American Reserve Ins. Co., Tex.Civ.App., 342 S.W.2d 793; Little v. Employees Security Life Ins. Co., Tex.Civ.App., 343 S.W.2d 517. However, as we said in Wyche v. Noah, Tex.Civ.App., 288 S.W.2d 866, while the point may be too general this court will discuss the grounds as we understand them upon which appellant apparently relies to support his appeal, as disclosed in the statements and arguments accompanying his points on appeal.

Inasmuch as appellee's motion for summary judgment is aimed directly at the sufficiency of appellant's petition, it being contended that said petition, as a matter of law, fails to present an issue of fact to be decided by a court or a jury, it is important to carefully analyze what appellant has alleged in this pleading. After reciting that he is the owner of certain described property in the City of Denison, he then says that he filed his application with the City for "the districting" of his property for the sale of alcoholic beverages and that, after hearing, the City denied his request. He then says that the City of Denison is a "wet" area by virtue of an election held in 1960 and that thereafter the City enacted an Ordinance regulating the sale of intoxicating beverages. He alleges that Sections 7 and 8 of said Ordinance are "void" because

(a) Section 7 wholly fails to define or set forth "those districts where such sale is permitted by Ordinances of the City of Denison"; and (b) said Ordinance wholly fails in Section 8 (1) to locate the various districts described therein. He then avers that there was an amendment to the Ordinance, and by such amendment reference was made to "an official map" which indicated the various "districts" inside the City but he contends that the Ordinance is still invalid and void for the reason that said map indicates that the only "districts" where alcoholic beverages are permitted to be sold within its boundaries are those establishments then in existence at the time of the passing of said Ordinance. He says that the legal effect of Sections 7 and 8 of the Ordinance is to place in the hands of the governing body of the City the legislative power to prevent any other property in the City from securing a "district".

Pleading in the alternative, appellant then alleges that if the Ordinance complained of is found to be valid and enforceable he then asks the court to issue a writ of mandamus ordering the City Council of the City of Denison to grant him his application because the "Council arbitrarily, unreasonably, and without any justification denied the application."

Appellant in his brief, concedes that the minutes of the hearings before the City Council are properly reported and that the Ordinances attached to the City's motion are the ones of which complaint is made. Appellant also stipulates: "For the purpose of this appeal, we will also concede that the facts, so far as they were presented to the trial court, are not in dispute."

▆▆ We fully recognize the rule which has been announced by this, and other courts, to the effect that a defendant moving for summary judgment assumes the negative burden of showing, as a matter of law, that the plaintiff has no cause of action against him and that all doubts as to the existence of the genuine issue of fact must be resolved against the party moving

for a summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Glasgow v. Floors, Inc. of Texas, Tex.Civ.App., 356 S.W.2d 699 and Seale v. Muse, Tex. Civ.App., 352 S.W.2d 534. Even so, having carefully considered appellant's pleading and appellee's motion for summary judgment, with supporting extrinsic evidence, we are of the opinion that appellant's pleading does not present an issue of fact, as a matter of law. Again it must be pointed out that in this case appellant failed to amend his pleadings, failed to controvert the motion for summary judgment, and failed to file an affidavit or extrinsic evidence which might present a fact issue. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500; McDonald Texas Civil Practice, Vol. 4, Cumulative Supplement, pages 31–44, § 17.26.0 to § 17.26.3. Appellant admits that the facts as presented to the trial court are not in dispute. We do not believe that appellant's petition meets the requirements of the law to constitute proper allegations of fact which would legally present issues to a court or jury.

This case presents classic illustration of the rule, sometimes known as "Piercing the Pleading". Justice Young of this Court in Sparkman v. McWhirter, 263 S.W.2d 832, 838, succinctly stated: "Object of the Rule (Rule 166–A) is to permit movant to pierce formal allegations of fact in pleadings and grant relief by way of summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions, or admissions on file that, as a matter of law, there are no substantive issues of fact presented for trial." See also Sessions v. W. A. Sheaffer Pen Co., Tex.Civ.App., 344 S.W. 2d 180. Again, in the case of Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718, the court said: "It is to be noted that in order to defeat the entry of the summary judgment because there exists a genuine issue on the fact to be determined, such fact must be material. A motion for summary judgment is, therefore, analogous to a general demurrer. Where a motion for summary judgment relies upon the pleadings

alone it partakes of the office of a general demurrer, but in addition its *office is to pierce the pleadings and ascertain whether there are material issues of fact supporting plaintiff's allegations or defendant's defense.* Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742; Meyer v. Wichita County Water Improvement Dist. [Nos. 1 and 2] Tex.Civ.App., 265 S.W.2d 660. (Emphasis ours).

When we analyze appellant's petition in the light of these rules it is quite evident that there are no allegations of material facts contained therein. On the contrary, appellant alleges numerous conclusions relating to alleged illegality of the Ordinances in question as well as the alleged arbitrary and capricious action on the part of the City in denying the application. Such are nothing more than conclusions wholly unsupported by allegations of fact.

■ Appellant's complaint that the two provisions of the Ordinance in question were invalid because they did not define certain areas of "districts" and that such Ordinances were discriminatory as to existing businesses, has been adjudicated contrary to appellant's contention in several cases. In the case of Eckert v. Jacobs, Tex.Civ.App., 142 S.W.2d 374 the identical questions were presented to the Austin Court of Civil Appeals and that Court upheld almost identical Ordinances against a similar attack. Other courts have held similar Ordinances to be valid, as a matter of law, against identical attacks. Louder v. Texas Liquor Control Board, Tex.Civ. App., 214 S.W.2d 336; Pitre v. Baker, Tex. Civ.App., 111 S.W.2d 359; Tritico v. Texas Liquor Control Board, 133 Tex. 388, 128

S.W.2d 379; LeGois v. State, 80 Tex.Cr.R. 356, 190 S.W. 724.

■■ The mere allegation by appellant to the effect that the City of Denison acted arbitrarily and capriciously in refusing his permit, without alleging supporting facts and without presenting affidavits or other extrinsic evidence in support of such conclusions, is wholly insufficient to create an issue of fact. One who attacks an ordinance must do more than merely allege conclusions of law. He must aver the facts that make it illegal. He must specifically plead objections to the validity of an ordinance and not merely charge it as being unconstitutional or void. McQuillan on Municipal Corporations, § 20.21; § 21.17; and § 21.50.

The City of Denison is a home rule city invested with authority under its police power, to regulate the sale of liquor within its limits. The question of whether the Ordinance in question is void as being arbitrary and unreasonable is one of law and not a matter for a jury's determination. City of Dallas v. Rosenthal, Tex.Civ.App., 239 S.W.2d 636; City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169; City of Dallas v. Lively, Tex.Civ. App., 161 S.W.2d 895; City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 and Ray v. City of Dallas, Tex.Civ.App., 343 S.W.2d 930. The evidence presented to the City Council of the City of Denison in this case as revealed by the minutes attached to the motion for summary judgment, reveals issues presented to the City Council within its legislative power and its finding based thereon will not be disturbed by this Court under the authorities just cited.[1]

The judgment of the trial court is affirmed.

1. Moreover, we entertain grave doubts that appellant's application to the City Council is legally sufficient to comply with the express terms of the Ordinance in question and this would constitute an additional valid ground for the City's refusal. For example, the application (1) fails to describe the exact nature of the business; (2) fails to have attached thereto a plot;

(3) fails to describe the signs to be erected and house used; (4) fails to attach floor plans of the building; (5) fails to attach statements and fingerprints of persons interested in the business and (6) fails to attach verified statement as to distances from church, school or hospitals, etc.