CITY OF CLUTE et al., Appellants,

v.

J. C. LINSCOMB, Appellee.

No. 15527.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 23, 1969.

Holder, Kenyon & Germany, Freeport, for appellants, Wallace N. Shaw, Freeport, of counsel.

No brief filed for appellee.

PEDEN, Justice.

Linscomb filed this cause seeking to have declared void Ordinance No. 308 of the City of Clute, which restricted to certain specified areas the sale of beer for consumption on the premises where sold. He also sought a peremptory writ of mandamus ordering Clute's City Secretary to certify that no provision of the city charter or any ordinance or amendment thereto placed any limitation on the sale of alcoholic beverages on his place of business in Clute. After a non-jury trial, the court granted the relief sought by Linscomb. The judgment recited that the trial court found that Ordinance #308 was defective and as a result was void. The City and its City Manager have perfected this appeal.

The caption of the ordinance in question states:

"AN ORDINANCE OF THE CITY OF CLUTE, TEXAS, DESIGNATING THE AREAS WHERE BEER FOR CONSUMPTION ON THE PREMISES MAY BE SOLD AND PROHIBITING THE SALE ELSEWHERE; PROVIDING FOR HOURS OF OPENING AND CLOSING; PROVIDING SALE OF BEER FOR CONSUMPTION OFF PREMISES SHALL NOT BE AFFECTED; DEFINING SOURCE OF AUTHORITY; PROVIDING A SAVINGS CLAUSE; PROVIDING THAT NO LICENSE SHALL BE ISSUED EXCEPT FOR THE AREA HEREIN DESIGNATED; AND PROVIDING FOR AN EFFECTIVE DATE."

The Ordinance begins:

"Whereas, the City of Clute desires to regulate the closing hours for the sale of beer by retailers selling beer for consumption on premises in accord with provisions of Article 667–10½ of the Penal Code of the State of Texas.

"NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF CLUTE, TEXAS:"

Section One states that the sale of beer shall be permitted during the hours set by the general laws of the State of Texas at the certain listed locations by retailers selling beer for consumption on premises. The ordinance then purports to list nineteen locations, the first of which was described as: "Lot 2, Timberline #2, Block #3, Abst. 19, S. F. Austin League". Five of the descriptions of the locations are incomplete, but it is clear that appellee's property is not included.

The other provisions of the Ordinance are:

"SECTION TWO (2):

"The sale of beer for consumption on the premises where sold is hereby prohibited in the City of Clute, save and except in those areas designated herein.

"SECTION THREE (3):

"The sale of beer by retailers, manufacturers or distributors not for consumption on the premises where sold shall not be affected by this Ordinance, and such sales shall be made in accordance with the general laws of the State of Texas.

"SECTION FOUR (4):

"It is expressly provided that this Ordinance is not an attempt to create zones under a comprehensive zoning plan as authorized by Articles 1011a to 1011j, inclusive, of the Revised Civil Statutes of Texas, but to designate certain areas wherein beer for consumption on the premises may be sold in accordance with the authority granted by Article 667–10½ of the Penal Code of the State of Texas.

"SECTION FIVE (5):

"That hereafter no license for the sale of beer for consumption on the premises where sold shall be issued or approved, save and except in the areas herein designated.

"PASSED, APPROVED AND ADOPTED BY THE CITY COUNCIL OF THE CITY OF CLUTE, This the 30th day of September, A.D. 1968."

Linscomb went to trial on his first amended petition. In it he alleged 1) that Ordinance 308 does not comply with Texas' zoning laws, 2) that his place of business is located in a county where beer can be sold and is in a commercial zone which is not closed or zoned for residential purposes by the City of Clute, 3) that the City Ordinance was passed after the defendant was well aware he had started work on his premises to equip them for selling food and beer, 4) that the City acted through fraud, caprice or arbitrarily in passing the ordinance because Article 667–10½ of the Vernon's Ann.Texas Penal Code gives no authority to designate a commercial zone as a dry area for the sale of beer, 5) that the ordinance is void because it is vague and uncertain as to its description of the areas affected and 6) that it makes a major area of Clute dry without a proper zoning ordinance or a valid city election to amend the city charter.

Appellants excepted to this pleading; as the case went to trial, the court sustained only the exception directed to appellee's allegation that the City acted through fraud and caprice in enacting Ordinance No. 308.

Appellee is not represented on this appeal. He has filed no brief and did not appear in the Court of Civil Appeals on submission day. No findings of fact or conclusions of law appear to have been requested and none have been filed. We have received a transcript and a statement of facts from the trial court.

It is uncontroverted that Clute is a Home Rule City located in Brazoria County, Texas.

We sustain appellants' second point which asserts that the District Court erred in rendering a judgment declaring void the ordinance in question and granting a peremptory writ of mandamus in that the appellee failed to sustain his burden of proving by substantial evidence that such ordinance is not a valid exercise of the powers given to appellants under the Constitution and laws of the State of Texas and the appellee failed to sustain his burden of proving by substantial evidence that appellants are guilty of a gross abuse of discretion or that appellants acted wholly through fraud, caprice or by a purely arbitrary decision and without reason; and the judgment of the trial court is against the great weight and substantial evidence in the record.

 The presumption is in favor of the validity of an ordinance, and the burden of showing its invalidity rests on the party attacking it. The action of the governing body of a city in passing an ordinance is final and conclusive, and cannot be revised by the courts, unless it is clearly made to appear that their action was arbitrary, unreasonable and clear abuse of power. Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945 (1949).

 Since the adoption of the home rule amendment to the Texas Constitution, Vernon's Ann.St. (Article XI, Section 5), home rule cities look to the Constitution and general laws, not for specific grants of power, but to ascertain whether or not a specific power is denied them. The zoning laws of the State have no relation to the regulation of the liquor business. Pitre v. Baker, 111 S.W.2d 359 (Beaumont Tex.Civ.App.1937, writ dism.); Discount Liquors No. 2, Inc. v. Texas Liquor Control Board, 420 S.W.2d 422 (Amarillo Tex. Civ.App.1967, writ ref., n. r. e.).

■ The Texas Liquor Control Act was not intended as a limitation on the police powers of cities granted to them under the home rule amendment to the Constitution. Eckert v. Jacobs, 142 S.W.2d 374 (Austin Tex.Civ.App.1940, no writ), citing Pitre v. Baker, supra, and Tritico v. Liquor Control Board, 126 S.W.2d 738 (Beaumont Tex.Civ. App.1939, reversed and dismissed as moot, 133 Tex. 388, 128 S.W.2d 379). The ordinance was not dependent on the Texas Liquor Control Act for validity.

As noted, however, Ordinance No. 308 recites that it was enacted in accordance with the authority granted by Article 667–10½ of the Texas Penal Code. The pertinent provision of that statute states that all incorporated cities and towns are authorized to designate certain zones in their residential section or sections where the sale of beer may be prohibited.

■ The only evidence as to whether any zones designated by the ordinance were located in other than residental areas was the testimony concerning Linscomb's property. Appellant Treaster testified that he believed that the establishment across the street from Linscomb's is a commercial one, that the areas next to his on one side and behind his are residential and that there is an open field on the other side of his property. That the zoning ordinance allows both commercial and residential buildings there.

Mr. Linscomb testified that there are several establishments about two blocks down the street from his that sell liquor or beer, that to the best of his knowledge his restaurant is in a commercial zone, that he has tried to check a map and "couldn't find anything except it was a business district is all on it." Also, that the City has never told him he was in a residential area where he couldn't operate a business.

We conclude that this evidence was insufficient to have supported a finding that appellee's building was not in a residential section. Town of Ascarate v. Villalobos, supra; Covington v. City of Denison, 369 S.W.2d 824 (Dallas Tex.Civ.App.1963, no writ).

In the Discount Liquors case, supra, the Amarillo Court of Civil Appeals, after stating that the sole issue involved was whether the city has the right to regulate the locations where liquor may be sold within its limits, pointed out that there is a great difference between a privilege and a property right, then quoted from Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949):

"'The Texas Liquor Control Act was enacted, in the exercise of the police power, for the purpose of regulating and controlling traffic in alcoholic beverages in the State. A license or permit to sell beer or other intoxicating liquor is a privilege and not a property right. The Act expressly so provides, Article 666–13, Annotated Penal Code, and it is so held. State v. De Silva, 105 Tex. 95, 145 S.W. 330; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W.2d 336. Since the permit or license is a mere privilege, its issuance, denial and cancellation are properly committed to an administrative body or agency, and, in the interest of efficiency, the fact findings made by the administrative body or agency in the performance of duties of this kind are usually subject to a limited, rather than to a full, judicial review, in Texas a review under the substantial evidence rule. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505; Railroad Commission of Texas v. Metro Bus Lines, Inc., 144 Tex. 420, 424–425, 191 S.W.2d 10, 11; Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664.'"

■ The fact that there are defects in the descriptions of five of the nineteen locations listed in the Ordinance does not impair the validity of the ordinance with respect to the other areas.

■ If the invalid portions of an ordinance may be eliminated leaving a valid and complete ordinance, the ordinance will be held valid except for the excised part. City of Taylor v. Taylor Bedding Manu-

facturing Co., 215 S.W.2d 215 (Austin Tex. Civ.App.1948, writ ref.); 39 Tex.Jur.2d 608, Municipal Corporations, § 278.

Appellee sought relief by writ of mandamus. Mandamus will not issue to compel the performance of an act which involves an exercise of discretion or judgment except to correct a clear abuse of discretion. Dykes v. City of Houston, 406 S.W.2d 176 (Tex.Sup.1966). The relator in an action for mandamus must plead—and prove with particularity—everything necessary to sustain his action as such. Hainsworth v. Harris County Commissioners Court, 265 S.W.2d 217 (Galveston, Tex.Civ.App. 1954, writ ref., n. r. e.)

We find nothing in the Texas Liquor Control Act taking from the City of Clute the right to enact the ordinance in question. Nor do we find any legal impediment to the right of a home rule city to enact a valid ordinance restricting the sale of beer to certain of its areas without holding an election to amend the city charter. See Discount Liquors No. 2, Inc. v. Texas Liquor Control Board, supra.

It will not be necessary for us to pass on appellants' other points. The judgment of the trial court is reversed and rendered.