**John MASSENGALE et al., Appellants,**

v.

**The CITY OF COPPERAS COVE et al., Appellees.**

**No. 5403.**

Court of Civil-Appeals of Texas, Waco.

March 13, 1975.

Rehearing Denied April 3, 1975.

----◆----

Prescott, Greenfield & Mewhinney, David Greenfield, Temple, Clark, Thomas, Denius, Winters & Shapiro, Mary Joe Carroll, Austin, for appellants.

Riley J. Simpson, Copperas Cove, for appellees.

## OPINION

JAMES, Justice.

This is a suit for declaratory judgment and to enjoin the enforcement of a city zoning ordinance. The trial court denied all relief sought by the Plaintiffs. We affirm.

Plaintiff-Appellants John Massengale and Milton Massengale doing business as the Pizza Hut of Copperas Cove, Texas, (hereinafter called "the Pizza Hut") sued the City of Copperas Cove, Texas, (hereinafter called "the City") its Mayor, Police Chief, and City Judge, for a declaratory judgment as well as temporary and permanent injunctive relief. The Pizza Hut is a restaurant located on U.S. Highway 190 in the city limits of Copperas Cove, Texas, wherein Plaintiff-Appellants operate a private club under the provisions of Article 666–15e of Vernon's Annotated Penal Laws of Texas, said Article being a part of what is commonly known as the Texas Liquor Control Act. The Pizza Hut is located in an area zoned "local business" or "local retail" under the comprehensive zoning ordinance of the City, and had at all times material to this suit various liquor permits (necessary to operate a private club) issued by the Alcoholic Beverage Commission of the State of Texas. The City is a dry area under the Local Option Law of the State of Texas, and the private club in question was and is designed to operate under the "Locker System" under the provisions of Section 1(b) of Article 666–15e of the Texas Liquor Control Act. The Pizza Hut is a restaurant which features and specializes in serving pizza, and the private club in question made the service of beer available to club members and guests.

The City of Copperas Cove is a municipality constituted and incorporated under the general laws of the State of Texas as a city of over 5000 inhabitants. The City in 1966 enacted an ordinance designated as Chapter 4 dealing with alcoholic beverages. Section 4–1 of said ordinance contained the following language:

"No person shall sell, store or otherwise handle for the purpose of sale, or engage in the business of selling, storing or otherwise handling any alcoholic beverage in the city, unless the place of business of such person is located in a use district of the city, as established by the city ordinances and present or furture zoning ordinances of the city, in which the sale, storage or otherwise handling for the purpose of sale of such alcoholic beverage is permitted."

Section 4–2 is worded as follows:

"Any person applying for a permit or license issued by authority of the Texas Liquor Control Act, or renewal of such permit or license, or to change the location of the place of business designated in such permit or license, shall present in person to the city planning commission a plan showing the proposed location of the applicant's business in relation to streets, property lines, the nearest church, public school or public hospital, and the portion of the premises to be used by the business; a statement that the applicant's place of business is three hundred (300) feet or more from any church, public school or public hospital,

and an affidavit by the applicants that such information is true and correct. The proposed location shall be in a use district designated as commercial for the sale of liquor, beer or private clubs which areas shall be determined by the city planning and zoning commission subject to the approval of the city council."

Section 4–3 provided as follows:

"Any person violating any provision of this chapter in attempting to engage in the business of selling, storing or otherwise handling any alcoholic beverages in the city in any location other than in the above mentioned use district shall be guilty of a misdemeanor."

Plaintiff-Appellants the Massengales, at the time they applied for permits from the State of Texas did not comply with Section 4–2 of the above-quoted city ordinance, in that they failed to present a plan to the city planning commission of the proposal to operate a private club, and to make sure their location was in a use district designated as commercial for the operation of a private club. Instead, they leased the premises in a location that was zoned "local business" or "local retail" wherein a restaurant could properly be placed, and there commenced the operation of the restaurant and private club, and thereupon began to serve food and beer. Plaintiff-Appellants acted upon the assumption that if the city zoning law permitted a restaurant that it must of necessity also permit a private club.

The City took a different view, whereupon a complaint was filed against Plaintiff-Appellants for violation of the above ordinance, because of the operation of the private club.

The Massengales pursued and exhausted their administrative remedies with the City as provided by law and the city ordinances in an effort to get the Pizza Hut designated as being in a "use district designated as commercial for ---- a private club" under the provisions of Section 4–2 of the ordinance in question. Five public hearings were held by the City at the request of Plaintiff-Appellants in connection with the matter as follows: (1) before the City Planning and Zoning Commission on January 28, 1974; (2) on appeal from the Planning and Zoning Commission to the City Council on February 5, 1974; (3) the first public hearing before the City Council on March 5, 1974; (4) the second public hearing before the City Council on March 19, 1974, and (5) the third public hearing before the City Council on April 2, 1974, at which last-named hearing the City Council voted unanimously not to grant the use permit. Thereupon, the Massengales sued the City seeking a declaratory judgment declaring the city ordinance in question void, and prayed for injunctive relief to restrain the City from enforcing the ordinance.

The parties agreed that the testimony heard by the trial court on the temporary injunction hearing would be the same as would be heard on the permanent injunction hearing. The trial court after hearing denied all relief sought by the Plaintiff-Appellants, from which judgment they appeal.

By their first point Plaintiff-Appellants assert that the ordinance in question does not apply to the private club of the Pizza Hut. They say the ordinance applies only to persons who "sell, store, or handle (alcoholic beverages) *for the purpose of sale*"; that at their private club no alcoholic beverages are sold; indeed, such sale is expressly prohibited by Section 7(a) of Article 666–15e. Where "storing" and "handling" of alcoholic beverages is concerned, they contend the ordinance applies only to persons "storing" or "handling" for the purpose of sale. Appellants admit that at this private club they "store" and "handle" beer, but they do not "store" and "handle" beer for the purpose of sale and therefore they do not fall within the terms of the ordinance. We do not agree with

this construction and interpretation of the ordinance.

A close scrutiny of the wording of the ordinance in question reveals that in at least two different places the "storing" and "handling" of alcoholic beverages, without any qualification, is caused to come within the requirements of the ordinance. Section 4–1 says: "No person shall _____ engage in the business of selling, storing or otherwise handling any alcoholic beverage in the city, unless the place of business _ _ _ _ is in a use district _ _ _ _ _." This language does not limit the "storing" or "handling" to storing or handling for the purpose of sale, but on the contrary applies to any storing or handling of any alcoholic beverage. Likewise, Section 4–3 reads: "Any person _ _ _ _ _ in attempting to engage in _ _ _ _ _ selling, storing or otherwise handling any alcoholic beverage in the city in any location other than in the above-mentioned use district shall be guilty of a misdemeanor." Here again the storing or handling referred to is not limited to that which is stored or handled for the purpose of sale. From the four corners of the ordinance it is clear that the legislative intent of the City was to include the storing or handling of alcoholic beverages, whether for the purpose of sale or not. Moreover, the ordinance expressly refers to private clubs.

The same rules of construction apply to municipal ordinances as apply to statutes. Reed v. City of Waco (Waco Tex.Civ.App.1949) 223 S.W.2d 247, writ refused. In *Reed* the court further says at page 254: "In construing statutes it is the duty of the court to ascertain the legislative intent, and, when such intent is once arrived at, it should be given effect; in fact such intent is the law." For the above reasons, we hold that the ordinance in question did apply to Plaintiff-Appellants, and their first point of error is overruled.

By their second point Appellants assert the ordinance is invalid because it conflicts

with the Texas Liquor Control Act, and constitutes an unlawful attempt by the City to enter into a field already occupied by state law. In other words, Appellants contend that the Texas Liquor Control Act has pre-empted the field of regulation of the liquor industry and traffic, and has pre-empted any municipality from regulating the location of liquor establishments within its city limits by zoning measures. They say that if a city zoning designation permits the operation of a restaurant, (as in the case at bar) then a "Locker System" private club is permitted also through operation of State law. We do not agree with these contentions.

The City of Copperas Cove, not being a home rule city, must look to the general law for its authority to exercise municipal powers. The authority for the enactment of the ordinance in question is conferred upon Appellee City by Articles 1011a through 1011*l* and by Article 1015, subsections 1 and 9, Vernon's Annotated Civil Statutes. This being so, the ordinance in question is a valid exercise of the police power of the City which in no way conflicts with the Texas Liquor Control Act. Article 666–15e of said Act sets out the definition of a private club, how it shall be organized, prescribes regulations therefor, provides for permits, licensing fees, and penalties for violations. Said Article also provides that "Such club shall own, lease or rent a building, or space in a building of such extent and character as in the judgment of the Texas Alcoholic Beverage Commission, is suitable and adequate for its members and their guests and shall provide regular food service adequate for its members and their guests." But nowhere does said Article either expressly or impliedly require a city to permit a private club to operate in any area in which a restaurant is permitted to operate. Indeed, nothing in the Texas Liquor Control Act inhibits the zoning power of the City in question as conferred upon Appellee City by the general law.

■ The power of a city to zone its territory for use purposes and the power of the State of Texas to regulate the liquor industry are not in conflict. The zoning laws of the State have no relation to the regulation of the liquor business. City of Clute v. Linscomb (Houston 1st Tex.Civ.App.1969) 446 S.W.2d 377, no writ history; Pitre v. Baker (Beaumont Tex.Civ.App.1937) 111 S.W.2d 359, writ dismissed.

The test for determining the validity of amendatory zoning power of the City has been enunciated by our Supreme Court in City of Waxahachie v. Watkins (Tex.Sup. Ct.1955) 154 Tex. 206, 275 S.W.2d 477. After first pointing out the presumption of validity of such an ordinance, the Court held:

"The courts cannot interfere unless it appears that the ordinance represents a *clear abuse* of municipal discretion. And the 'extraordinary burden' rests on one attacking the ordinance 'to show that no *conclusive,* or even *controversial* or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it.' " (emphasis is supplied by the Supreme Court).

The Court goes on to say: "If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, error dism., correct judgt. Otherwise expressed by the court in the case just cited, if the issue of validity is fairly debatable courts will not interfere."

In the case at bar, the issue was "fairly debatable", because the record shows that it was debated at five separate and distinct public hearings before the City Council voted to deny the use permit, as hereinabove pointed out. The record further shows that the Pizza Hut was located on U.S. Highway 190, a heavily travelled highway; moreover, that it was located adjacent to and adjoining the Fort Hood Military Reservation, and that there was a considerable residential area immediately south of the premises. See City of Lubbock v. Whitacre (Amarillo Tex.Civ.App. 1967) 414 S.W.2d 497, error refused n. r. e.

■ Although beer was not sold at the Pizza Hut; nevertheless, it was served and dispensed to individual members and guests, and certainly the same or similar considerations would be applicable to a private club as would be made where beer is sold. Although the Pizza Hut was serving only beer at the time this controversy arose; yet, the Pizza Hut was and is not prohibited by law as a private club from serving any other alcoholic beverages. It is a matter of common knowledge that the sale of intoxicants is accompanied with objections not common to other types of commercial enterprises, and such facts constitute valid grounds for a separate classification or prohibition thereof in a given commercial area, for the protection of the health, morals, safety, peace and convenience of the public. See Eckert v. Jacobs (Austin Tex.Civ.App.1940) 142 S.W.2d 374, no writ history. Clearly, in the case at bar, the City had ample grounds and reasons to deny the use permit for the private club. Appellants' second point is overruled.

■ Plaintiff-Appellants' third point asserts the invalidity of the ordinance and says it denies them due process of law because there is an absence of standards set out in the ordinance, and it is void for its vagueness. We do not agree. The ordinance is very clear in its meaning and in its applicability to private clubs. Private clubs, like other aspects of the liquor traffic, are fraught with problems that do not

accompany other types of enterprises. We cannot say there is an absence of standards set out in the ordinance, nor that it is vague. Appellants' third point is overruled.

Appellants' fourth and final point says that the ordinance as applied to Appellants denies equal protection of the laws in violation of the State and Federal Constitutions, because two other private clubs have been allowed to operate in the City without use permits. We overrule this contention. The record shows the Veterans of Foreign Wars Post was organized sometime in the 1950's in a location which was originally outside the city limits of Copperas Cove. Then subsequently the V.F.W. Post premises was taken into the City, at which time the City had no ordinance such as the one in question. Then afterwards, in 1966, the City passed the ordinance in question. The V.F.W. Post had never applied for a use permit from the City for the operation of their private club.

The other private club was operated by the Moose Lodge (a fraternal organization) in the city limits of Copperas Cove. The Chief of Police testified that he wrote a letter to the City Attorney requesting guidance in filing a complaint against the Moose Lodge because of their failure to secure a use permit. The City Attorney advised the Chief of Police that he wanted to wait until the completion of the instant litigation against the Pizza Hut before attempting to enforce the ordinance against the Moose Lodge. Acting upon this legal advice of the City Attorney, the Chief of Police held in abeyance the filing of a complaint against the Moose Lodge.

The fact that the ordinance in question may not have been enforced against the V.F.W. or the Moose Lodge does not excuse compliance by Plaintiff-Appellants. The City cannot be estopped to enforce its valid zoning ordinance merely by the failure of some of its officers to do so on other occasions or in other in-

stances. See Eckert v. Jacobs (Austin Tex.Civ.App.1940) 142 S.W.2d 374, no writ history. Appellants' fourth point is overruled.

For the above reasons, judgment of the trial court is affirmed.

Affirmed.